# Chatham & Phenix Nat. Bank *v.* Tull, Appellant.

*Promissory notes—Renewal notes—Parol agreement—Evidence —Affidavit of defense.*

In an action on a promissory note, which was the last of a series of renewed notes, an affidavit of defense is insufficient which sets up a parol agreement at variance with the terms of the note in suit made at the time of the giving of the original note, and avers that defendant gave the note in suit expressly stating that he did not waive any rights which he had under the parol agreement, without averring whether the note was given before or after such statement, and without averring that such statement was assented to.

Argued January 21, 1921. Appeal, No. 27, Jan. T., 1921, by defendant, from order of C. P. No. 5, Phila. Co., Dec. T., 1919, No. 3298, making absolute rule for judgment for want of sufficient affidavit of defense, in case of Chatham & Phenix National Bank v. Samuel P. Tull. Before Moschzisker, C. J., Walling, Kephart, Sadler and Schaffer, JJ. Affirmed.

Assumpsit on promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

Martin, P. J., filed the following opinion:

The statement of claim filed in this case avers that the defendant executed a note for $2,750, dated October 3, 1919, payable to his own order ten days after date at the Chatham & Phenix National Bank of New York; that payments on account have been received amounting to $551.60, and a further credit is now allowed for a payment of $150 made after the preparation of the statement of claim, leaving a balance of $2,048.40 now due with interest.

The affidavit of defense admits the execution of the note and other averments in the statement of claim; but denies liability for payment of the balance claimed. It is alleged that on or about the 20th day of September,

1917, prior to the execution of the note in suit, defendant obtained a loan of $5,000 from plaintiff and executed a note payable in four months, and that the vice-president of the bank "then and there promised and agreed with defendant that he would not be called upon to pay the entire principal at the end of four months, but that the note would be renewed for a further period of four months upon payment of $500 on account of the principal at the maturity thereof and so on for further periods of four months, each upon a payment of $500 at each renewal until the whole amount should have been paid in full," and that in reliance upon this parol agreement he was induced to execute the original note.

When the note fell due defendant tended $500 and offered to execute a new note for $4,500. The offer was not accepted, but a note was signed for the full amount of indebtedness, payable four months from the date. When that note fell due, defendant paid $500 on account and executed another note for the balance of $4,500. Various renewals are averred to have been made, the affidavit stating "that defendant faithfully kept said agreement and made the payments therein provided for, to wit: $500 at each maturity, and executed new notes from time to time for periods of four months as agreed."

Although the actual payments do not correspond with the sums alleged in the affidavit to have been paid, the averment for the purpose of the present rule must be accepted as true.

It is averred that on October 3, 1919, the date of the execution of the note in suit, "when defendant tendered plaintiff the sum of $500 as he was accustomed to do, upon the maturity of the then existing note for $3,000, and a renewal of his note for the sum of $2,500, plaintiff then and there, disregarding said parol agreement with defendant, absolutely refused to accept renewal of said note for a further period of four months and demanded payment of the whole principal sum, to wit: $3,000."

It thus appears from the affidavit of defense that plaintiff at that time refused to recognize the contract which defendant claims was entered into when the loan was originally made. If defendant had a legal defense it was available against the note which fell due then. The affidavit states "that it was thereupon suggested by the vice-president, Richard H. Higgins, that $250 be paid by defendant and a renewal note for $2,750 be executed. That thereupon said defendant did execute said note for $2,750 and made the payment of $250, expressly stating that he did not waive any rights he had to pay the balance due in exact accordance with the terms of the parol agreement hereinbefore recited."

There is nothing to indicate whether the statement was made before or after the execution and delivery of this note, which is the one now in suit, nor is there an allegation that the vice-president agreed to accept it subject to any condition not expressed upon its face. The statement as set forth in the affidavit "that he did not waive any right," is a conclusion of defendant, not a description of what actually occurred; and it is not alleged that the statement was made by defendant to the vice-president or to a person having authority to bind the plaintiff. As it appears from the affidavit, the vice-president denied that defendant had such rights, and that he "absolutely refused to accept renewal of said note" upon the terms which defendant claimed he was entitled to "but demanded payment of the whole principal sum."

Notwithstanding the fact that defendant claimed to have had rights, he did not insist upon asserting them, but voluntarily executed the note in suit. There is nothing in the affidavit to indicate an agreement on the part of the plaintiff to change or vary its terms, but on the contrary plaintiff refused before the note was executed to recognize the existence of the rights claimed by defendant.

The affidavit fails to disclose a mutual agreement to vary the terms of the note in suit; or that it was executed in reliance upon a contemporaneous agreement; or that it is being used in a manner contrary to the purpose for which it was executed; or that there was any act on the part of plaintiff to estop the entry of judgment.

The paragraph of the affidavit of defense—"expressly stating that he did not waive any rights he had to pay the balance due in exact accordance with the terms of the parol agreement hereinbefore recited"—is evasive, not specific; and states merely defendant's conclusion that he did not "waive any rights he had."

The rule was made absolute. Defendant appealed.

*Error assigned* was order.

*Louis F. Schuck,* for appellant.

*Percival H. Granger,* of *Reber & Granger,* for appellee.

PER CURIAM, February 14, 1921:

This is an appeal from a judgment entered for want of a sufficient affidavit of defense.

We adopt the opinion of the learned President Judge of the court below, which satisfactorily disposes of the case.

The judgment is affirmed.