## T. W. Phillips Gas and Oil Company v. Kline, Appellant.

Argued September 25, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

L. E. Miller, for appellants.

*John L. Wilson,* with him *William E. Pierce,* for appellee.

OPINION BY MR. JUSTICE BELL, November 13, 1951:

Plaintiff brought a bill in equity for an injunction to restrain defendants from removing pipes which it had placed along the road of its proposed gas line and from interfering with or obstructing plaintiff in its operations under the oil and gas lease which was executed by plaintiff and defendants on March 14, 1944. Defendants denied the validity of the lease, contending that it had been obtained by the false and fraudulent statements of A. R. Burns, an agent of the plaintiff. Defendants averred, and at the trial offered to prove that at the time of executing the lease plaintiff's agent stated or represented to them: (1) that the lease would provide payments from its date; (2) that the lease would provide for payments of $300. a year in the event gas was obtained in paying quantities; and (3) that the lease would provide them with free gas. Defendants further offered to prove that at the time they actually signed the lease they did not read it but relied on the agent's representations; that they did not discover until nearly five years later that the lease differed on those three points from the agent's representations; and finally that if it had not been for the agent's false representations they would not have signed the lease.

The court sustained plaintiff's objection to defendants' offer of proof because the three matters alleged were fully and specifically covered in the written lease between the parties. The lease was dated March 14, 1944 and was for a "term of five years and as long thereafter as oil or gas is produced in paying quantities." It provided in great detail for a rental payment of $43.75 every three months in advance unless operations for the development of the premises for oil and

gas were commenced by a certain date, and after operations were commenced all rentals were to cease. In the event of gas being produced in paying quantities plaintiff agreed to pay defendants $300. per year under certain specified conditions of gas production with a smaller rental if less gas were produced. The lease further gave defendants, for domestic purposes, 200,000 cubic feet of gas per year. The lease also contained the following provision: "No promise, agreement or representation of any officer, agent or employee, made in soliciting this agreement or otherwise, shall be recognized or made good by the said Second Party unless incorporated herein".

The court found, and it was undisputed, that the plaintiff faithfully and fully performed all the conditions of the lease. Plaintiff on January 5, 1949, began operations for the drilling of gas on the premises and about March 16, 1949, obtained gas in paying quantities and paid defendants in accordance with its lease the sums provided therein in full payment of all royalties due thereunder. Defendants claim they first read the lease and discovered the discrepancy of the payments thereunder on March 8, 1949. On September 13, 1949, defendants removed the pipes which plaintiff had the day before placed along the road of its proposed gas line.

The court granted an injunction and from the court's injunctive decree, defendants appealed.

Where there is no allegation *and proof* of fraud or where there is no legal justification for failure to read a written contract on which suit is brought, failure to read is an unavailing excuse or defense and cannot justify an avoidance, modification or nullification of the contract or any provision thereof: *Berardini v. Kay,* 326 Pa. 481, 192 A. 882; *Schoble v. Schoble,* 349 Pa. 408, 37 A. 2d 604; *Silberman v. Crane,* 158 Pa. Superior Ct. 186, 44 A. 2d 598.

The statements of the agent as to the rent or royalty and the free gas, even if proved, could not, under the facts of this case, amount to fraud. *This is nothing but an attempt by defendants to alter, by parol evidence, a subsequent written agreement with respect to three matters fully and specifically covered* at length in the written agreement. Such an attempt, in view of our recent decisions on this subject is astonishing. *Where no fraud, accident or mistake is averred and proved, and the alleged prior or contemporaneous oral representation or agreement concerns a subject which is specifically dealt with in the written contract, the law is clearly and well settled that the alleged oral representation or agreement is merged in or superseded by the subsequent written contract and cannot vary, modify or supersede the written contract*; and hence parol evidence thereof is inadmissible in evidence: *Grubb v. Rockey,* 366 Pa. 592, 79 A. 2d 255; *Walker v. Saricks,* 360 Pa. 594, 63 A. 2d 9; *Gianni v. Russell & Co., Inc.,* 281 Pa. 320, 126 A. 791; *Speier v. Michelson,* 303 Pa. 66, 154 A. 127; *O'Brien v. O'Brien,* 362 Pa. 66, 66 A. 2d 309; *Russell v. Sickles,* 306 Pa. 586, 160 A. 610.

Decree affirmed at cost of appellants.