Bardwell, Appellant, *v.* The Willis Company.

Argued October 6, 1953. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*John M. Wolford,* with him *Lindley R. McClelland,* for appellants.

*Bryan A. Baur,* with him *Marsh, Spaeder, Baur & Spaeder,* for appellee.

OPINION BY MR. JUSTICE BELL, November 9, 1953:

Plaintiffs brought an action in trespass for alleged actual damages and estimated loss of profits suffered as a result of misrepresentations made by defendant's agents during the negotiations prior to the execution of a real estate lease for a property in Erie. Prelimi-

nary objections in the nature of a demurrer were sustained by the court below.

Plaintiffs averred that they contemplated engaging in the business of bottling Hires Root Beer and informed defendant's representatives that their business required a location with "ample water facilities for the several operations", "large drainage facilities for the operations", "definite electrical facilities and a switchboard for the operation" and "heating facilities capable of quickly heating water to minimum required temperatures and of keeping said premises warm". The extent of such facilities necessary to meet these descriptive terms is not averred; nor is it averred that the defendant had any information or knowledge with reference thereto. Averment is made, however, that the defendant's agents falsely, intentionally and fraudulently represented at the time the premises were being inspected that the facilities thereon met the standards required by plaintiffs and that in reliance upon such representations a five-year lease beginning May 1st, 1947, was entered into.

Six monthly installments of rent, in accordance with the terms of the lease, were paid; thereafter plaintiffs defaulted in their rent. On June 3, 1948 The Charles E. Hires Company terminated plaintiffs' franchise rights and the defendant issued a landlord's warrant for unpaid rent, which was followed by a sale of plaintiffs' assets on said premises. The damages claimed in this suit are the rental payments made, the value of machinery and equipment sold under the landlord's warrant, and anticipated profits to the expiration of the lease totaling altogether $61,056.00. Plaintiffs averred that the financial losses above mentioned were caused entirely by loss of business due to the fact that the rented premises were not, as represented, fit for the intended use.

Attached to the bill of complaint is a copy of the written lease executed by the parties, one clause of which reads as follows: "Second parties (the tenants who are the present plaintiffs) covenant and agree as follows: *That they examined and are familiar* with the condition of the premises and buildings located thereon, and that the same are received in good order and condition without warranty as to the condition or repair thereof by the first party for their intended use." Another clause in the lease is as follows: *"This lease agreement contains the entire contract and agreement between the parties."*

Where the alleged prior or contemporaneous oral representations or agreements concern a subject which is specifically dealt with in the written contract, and the written contract covers or purports to cover the entire agreement of the parties,* the law is now clearly and well settled that in the absence of fraud, accident or mistake the alleged oral representations or agreements are merged in or superseded by the subsequent written contract, and parol evidence to vary, modify or supersede the written contract is inadmissible in evidence: *Phillips Gas and Oil Co. v. Kline,* 368 Pa. 516, 519, 84 A. 2d 301; *Grubb v. Rockey,* 366 Pa. 592, 79 A. 2d 255; *Walker v. Saricks,* 360 Pa. 594, 63 A. 2d 9; *Gianni v. Russell & Co., Inc.,* 281 Pa. 320, 126 A. 791; *Speier v. Michelson,* 303 Pa. 66, 154 A. 127; *O'Brien v. O'Brien,* 362 Pa. 66, 66 A. 2d 309; *Russell v. Sickles,* 306 Pa. 586, 160 A. 610.

---

* The parol evidence rule, generally speaking, does not apply to receipts, letters, statements or books of account and other writings which do not purport to be a complete contract or vest or extinguish a legal right: *Wagner v. Marcus,* 288 Pa. 579, 136 A. 847; *Garrison v. Salkind,* 285 Pa. 265, 132 A. 125; cf. *Newland v. Lehigh Valley R. R. Co.,* 315 Pa. 193, 173 A. 822.

There is not the slightest doubt that if plaintiffs had merely averred the falsity of the alleged oral representations, parol evidence thereof would have been inadmissible. Does the fact that plaintiffs further averred that these oral representations were *fraudulently* made without averring that they were *fraudulently* or by accident or mistake *omitted* from the subsequent complete written contract suffice to make the testimony admissible? The answer to this question is "no"; if it were otherwise the parol evidence rule would become a mockery, because all a party to the written contract would have to do to avoid, modify or nullify it would be to aver (and prove) that the false representations were *fraudulently* made.

The Parol Evidence Rule has had a checkered career in Pennsylvania. Now that it has been well and wisely settled we will not permit it to be evaded and undermined by such tactics. Fraudulent misrepresentations may be proved to modify or avoid a written contract if it is averred and proved that *they were omitted* from the (complete) written contract by fraud, accident or mistake. Cf. *Kull v. General Motors Truck Co.,* 311 Pa. 580, 586, 166 A. 562; *Sterling Corp. v. Jennings,* 101 Pa. Superior Ct. 291.

In *Phillips Gas and Oil Co. v. Kline,* 368 Pa., supra, plaintiffs had brought a bill in equity for an injunction to restrict defendants from violating a lease. Defendants denied the validity of the lease, contending that it had been obtained by the following false and fraudulent statements of an agent of the plaintiff: (1) that the lease would provide payments from its date; (2) that the lease would provide for payments of $300.00 a year in the event gas was obtained in paying quantities; and (3) that the lease would provide them with free gas. With respect to this defense we said (page 519) : "The statements of the agent as to the

rent or royalty and the free gas, even if proved, could not, under the facts of this case, amount to fraud. This is nothing but an attempt by defendants to alter, by parol evidence, a subsequent written agreement with respect to three matters fully and specifically covered at length in the written agreement. Such an attempt, in view of our recent decisions on this subject is astonishing . . . ."

There are two additional reasons which bar the plaintiffs' recovery: (1) the lease provides that plaintiffs "have examined and are familiar with the condition of the premises and buildings located thereon, and that the same are received in good order and condition without warranty as to the condition or repair thereof by the first party or for their intended use:"; secondly, the lease provides, "This lease agreement contains the entire contract and agreement between the parties . . . ."

What is the use of inserting such clauses in agreements if one of the parties thereto is permitted to prove by oral testimony that he didn't examine and wasn't familiar with the premises or their condition, or that they would not meet the standards which plaintiffs require? There is no averment by plaintiffs that these clauses in the lease were inserted by fraud, accident or mistake; or (we repeat) that any representation was omitted by fraud, accident or mistake; or that the lease did not contain the entire contract and agreement between the parties. Merely bringing an action in trespass for deceit instead of in assumpsit for breach of contract will not suffice to circumvent the parol evidence rule. If plaintiffs relied on any understanding, promises, representations or agreements made prior to the execution of the written contract or lease, they should have protected themselves by incorporating in the written agreement the prom-

ises or representations upon which they now rely, and they should have omitted the provisions which they now desire to repudiate and nullify.

The order of the court below is affirmed.

