## Nicolella, Appellant, v. Palmer.

Argued October 11, 1968. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Frank C. Carroll,* for appellant.

*Paul P. Posa,* with him *Greenlee, Richman, Derrico & Posa,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, November 27, 1968:

This is an appeal by the plaintiff, Joseph Nicolella, from the grant by the Court of Common Pleas of Washington County of defendant's motion for judgment on the pleadings.

Appellant, a contractor, brought an action in assumpsit against the owners of a parcel of real estate. The action arose out of a contract calling for appellant to construct an addition to the food market located on that real estate. Appellant sought to recover the sum of $10,653.00 over and above the written contract price of $57,027.00.

For the purposes of this appeal from the grant of a motion for judgment on the pleadings, we must accept as true the factual allegations in plaintiff's Amended Complaint. *Bata v. Central-Penn Nat. Bank of Phila.*, 423 Pa. 373, 378, 224 A. 2d 174 (1966). Appellant alleged that some time in 1963 he was contacted by Nicholas Palmer, one of the appellees, relative to constructing the addition to the market. Plans and specifications were drawn by architects employed by the market on behalf of appellees, and these plans, dated December 27, 1963, were submitted to appellant. Based on these plans and specifications, appellant made his bid for construction of the addition. Between December 27, 1963 and August 31, 1965, when the contract which gave rise to this action was executed, there were two revisions of the original plan. At the time of the execution of the contract appellant inquired of the owners of the market and Nicholas R. Palmer, one of the appellees, whether the changes made in the plans (which appellant did not have time to examine) would materially affect the bid. According to the allegations of Paragraph Eight of the Amended Complaint: "8. . . . The defendant, Nicholas R. Palmer, wilfully, falsely and fraudulently told the plaintiff that no substantial changes had been made and that the original plans, which had been submitted to plaintiff and returned by plaintiff to Nicholas R. Palmer were not available, when in fact, the defendant, Nicholas R. Palmer well knew that substantial changes had been made and that the plans were available and

were being withheld deliberately from the plaintiff, all with the intent to fraudulently induce the plaintiff to enter into a contract, detrimental to plaintiff's interests."

Moreover Paragraph Nine went on to add: "9. Sometime before entering into the contract, Nicholas R. Palmer, one of the defendants herein wilfully and fraudulently stated that if there were any substantial changes, the contract price would be adjusted accordingly and urged plaintiff to enter into the contract and initiate the construction because of impending disfavorable weather conditions. The defendant, Nicholas R. Palmer, then and there well knowing that he had no intention of adjusting the contract price according to changes, all to the detriment of the plaintiff." [sic] Relying on these alleged statements, appellant executed the written contract and began construction.

On or about November 15, 1965, a fire occurred at the market and appellant was engaged to clean up the area affected. Appellant discovered the original plans dated December 27, 1963, and realized that the change in the square footage of the building amounted to an enlargement of one thousand three hundred forty (1340) square feet over and above the amount originally calculated. Appellant then went to see Palmer, confronted him with the plan and informed him that unless he made an adjustment, appellant would not continue with the work. Then, according to Paragraph Fifteen of the Amended Complaint: "15. Nicholas R. Palmer one of the defendants herein, wilfully, fraudulently and falsely told the plaintiff that adjustments would be made in the contract price and that he, the plaintiff, should immediately continue the construction and that any additional amount claimed by plaintiff would be forthcoming. The defendant, Nicholas R. Palmer, then and there well knowing that such statement was false and made with the intention

to induce the plaintiff to continue with the construction to his detriment." [sic] Based on this promise, appellant then continued with the construction of the addition.

Appellant then requested from appellees $10,653.00, based on the initial bid of square footage at the cost of $7.95 per square foot, multiplied by the 1340 square feet. Appellees refused to pay, and appellant brought this suit.

The Complaint was filed on February 10, 1967. Appellees filed an Answer on February 27, 1967, and moved for judgment on the pleadings on August 1, 1967. After argument on that motion, the court below held appellant's complaint to be deficient, in that the allegation of fraud was not pleaded with the particularity required by R.C.P. 1019(b). The court permitted appellant twenty (20) days to file an Amended Complaint. The order was without prejudice to appellees to pursue their motion if the Amended Complaint did not cure the vice of the Original Complaint. The Amended Complaint was filed on October 31, 1967. On November 10, 1967, appellees filed what they labeled as Preliminary Objections. Actually, this was merely a renewal of their motion for judgment on the pleadings. The court below treated it as such, and granted the motion, for the reason that fraud was not averred with the particularity required by R.C.P. 1019(b). This appeal followed.

We affirm. The contract here purports to deal with contract price and with plans and specifications. The former is stated in the contract and the latter are attached thereto. As to the alleged negotiations set forth in Paragraphs Eight and Nine of the Amended Complaint, appellant is seeking to vary the terms of an integrated written agreement by prior or contemporaneous oral agreements. This he is barred from doing, in the absence of fraud, accident, or mistake, by

the parol evidence rule.[1]   The instant case in this respect is controlled by *Bardwell v. The Willis Company,* 375 Pa. 503, 100 A. 2d 102 (1953), where this Court, speaking through Justice (now Chief Justice) BELL stated at page 506:

"Where the alleged prior or contemporaneous oral representations or agreements concern a subject which is specifically dealt with in the written contract, and the written contract covers or purports to cover the entire agreement of the parties, [footnote omitted] the law is now clearly and well settled that in the absence of fraud, accident or mistake the alleged oral representations or agreements are merged in or superseded by the subsequent written contract, and parol evidence to vary, modify or supersede the written contract is inadmissible in evidence:   Phillips Gas and Oil Co. v. Kline, 368 Pa. 516, 519, 84 A. 2d 301; Grubb v. Rockey, 366 Pa. 592, 79 A. 2d 255; Walker v. Saricks, 360 Pa. 594, 63 A. 2d 9; Gianni v. Russell & Co., Inc., 281 Pa. 320, 126 A. 791; Speier v. Michelson, 303 Pa. 66, 154 A. 127; O'Brien v. O'Brien, 362 Pa. 66, 66 A. 2d 309; Russell v. Sickles, 306 Pa. 586, 160 A. 610.

"There is not the slightest doubt that if plaintiffs had merely averred the falsity of the alleged oral representations, parol evidence thereof would have been inadmissible.   Does the fact that plaintiffs further averred that these oral representations were *fraudulently* made without averring that they were *fraudulently* or by accident or mistake *omitted* from the subsequent complete written contract suffice to make the testimony admissible?   The answer to this question is 'no'; if it were otherwise the parol evidence rule would become a mockery, because all a party to the written contract would have to do to avoid, modify

---

[1] Attorneys and secretaries N.B.: "Parol" in "Parol Evidence Rule" does not have an "e" in it.

or nullify it would be to aver (and prove) that the false representations were *fraudulently* made." (Emphasis in original). See also *Russell v. Sickles*, 306 Pa. 586, 591, 160 Atl. 610 (1932) and *Nick v. Craig*, 301 Pa. 50, 56, 151 Atl. 573 (1930).

In the instant case, as in *Bardwell*, there was no averment that the alleged agreements set forth in Paragraphs Eight and Nine of the Amended Complaint were fraudulently or by accident or mistake *omitted* from the written contract. The mere allegation that they were fraudulently *made* is not enough, as *Bardwell* makes evident.

The situation is different, however, with regard to the alleged agreement set forth in Paragraph Fifteen. This was a subsequent agreement, and the parol evidence rule bars only prior or contemporaneous oral agreements, not subsequent ones. However, where the writing contains an express provision that it constituted the entire contract between the parties and should not be modified except in writing, the party seeking to show subsequent oral modification in the agreement must prove it by clear, precise, and convincing evidence, as in cases where fraud, accident, or mistake is alleged. *KoEune v. State Bank*, 134 Pa. Superior Ct. 108, 112, 4 A. 2d 234 (1939). Appellees urge upon us the view that because the standard of proof of a subsequent oral modification is the same as that for fraud, then the standard of particularity of allegation should also be the same.

We need not pass on that question, for we believe that the judgment on the pleadings must be affirmed as to this alleged subsequent modification for another reason. Even assuming that appellant had properly pleaded and proven this alleged modification, he could not enforce it, because it was without consideration. The only possible consideration would be appellant's agreement to proceed with the work. Yet appellant was

already obligated to do so. The general rule is stated in 17 C.J.S. Contracts, §112(a) : "The promise of a person to carry out a subsisting contract with the promisee or the performance of such contractual duty is clearly no consideration, as he is doing no more than he was already obliged to do, and hence has sustained no detriment, nor has the other party to the contract obtained any benefit. Thus, a promise to pay additional compensation for the performance by the promisee of a contract which the promisee is already under obligation to the promisor to perform is without consideration, and this rule has been applied to construction contracts." [Footnotes omitted]. The rule was applied in *Quarture v. Allegheny Co.*, 141 Pa. Superior Ct. 356, 14 A. 2d 575 (1940), which, quoting from the leading case of *Lingenfelder v. Wainwright Brewing Co.*, 103 Mo. 578, 15 S.W. 844 (1891), indicated that the rule has a very valid purpose in preventing a promisee from taking advantage of the promisor's necessities and extorting a better price. Appellant was here obligated to perform on the terms set forth in the written contract. He could not increase his compensation by threatening to default on that contract.

The judgment is affirmed.

Mr. Justice MUSMANNO took no part in the consideration or decision of this case.