Emperee *v.* Meyers et al., Appellants.

432

Argued March 19, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Saul Davis,* for appellant.

*Joseph W. Conway,* with him *Edward J. Balzarini,* and *Suto, Power, Balzarini & Walsh,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 9, 1970:

On May 9, 1964, appellant, Iris Meyers, president and sole shareholder of Bar Crescent, Inc. (corporate appellant) and her husband, Samuel Meyers, executed a judgment note in the face amount of $10,000, in favor of the appellee, Vincent Emperee, promising payment one day after date. At the time of the execution of the note, the other two directors of corporate appellant were Stephen J. Harris, Esquire and Louis Simon, who were also treasurer and secretary, respectively, and who were nominees of Tavern Lending Corporation (T.L.C.), a creditor of corporate appellant.

Corporate appellant was formed to purchase and operate a restaurant and bar. Since Iris Meyers had no experience in such a business and her husband was retired, the appellee was employed to be the manager and bartender. Appellee left his own business (he had been the owner of a used car lot) and assumed his duties as manager on a fulltime basis in May of 1964.

According to the attorney who was representing both appellant and appellee, the note was given to

appellee "for the purpose of securing his position in connection with [appellants as] the bartender and manager."

However, appellee's position was not secure. According to appellee's version, one evening in July of 1965, appellee and Iris Meyers had a fight, which concerned, among other things, appellee's objection to one of the employees serving liquor after the legal 2 a.m. closing time; appellant Iris Meyers' allegedly drunken, angry response to appellee's objections; appellee's pushing Mrs. Meyers; and Mrs. Meyers having appellee arrested by the township police. Appellee testified that he was later instructed by the justice of the peace never to return to the restaurant.

According to the appellants' version, appellee apparently lost interest in the business after five or six months, and thereafter became verbally abusive and physically abusive to Iris Meyers and the bar customers. All parties agree that since July, 1965, appellee has kept away from the individual appellants and the bar and restaurant.

On September 2, 1965, appellee caused judgment to be entered by confession on the note against the appellants. They filed a petition and obtained a rule to show cause why the judgment should not be opened. After depositions were taken and argument before the court below, an order was entered on July 31, 1969, discharging the appellants' rule to show cause. This appeal was taken from that order.

As we said in *Carrier v. Wm. Penn Broadcast. Co.*, 426 Pa. 427, 233 A. 2d 519 (1967): "A petition to open a judgment is an appeal to the equitable side of the court, and the petition must establish equitable considerations which convince the court that justice would best be served by opening the judgment. McDonald v. Allen, 416 Pa. 397, 206 A. 2d 395 (1965); Kramer v. Phila., 425 Pa. 472, 229 A. 2d 875 (1967); and the

disposition of the petition will not be disturbed on appeal unless a clear abuse of discretion is shown. Good v. Sworob, 420 Pa. 435, 218 A. 2d 240 (1966); Thomasik v. Thomasik, 413 Pa. 559, 198 A. 2d 511 (1964), and cases cited therein."

Moreover, a petition to open judgment will not be granted unless the petitioner is able to show that he has a good and meritorious defense to the judgment. *Carrozza v. Girard Chevrolet Co.,* 200 Pa. Superior Ct. 502, 190 A. 2d 577 (1963). The appellants raise three defenses which they claim to be meritorious.

The first two defenses relate to alleged oral agreements made contemporaneously with the note. First, appellants contend that appellee had agreed to manage the business of the corporation for an extended period of time, which agreement he violated, thereby creating a failure of consideration for the note in controversy. Second, appellants contend that the parties understood that the note was not to be used at all so long as there was outstanding debt owed to T.L.C.

However, appellants are barred from proving either of these defenses by the parol evidence rule. As the court stated in *Bardwell v. The Willis Company,* 375 Pa. 503, 100 A. 2d 102 (1953), at page 506: "Where the alleged prior or contemporaneous oral representations or agreements concern a subject which is specifically dealt with in the written contract, and the written contract covers or purports to cover the entire agreement of the parties . . . the law is now clearly and well settled that in the absence of fraud, accident or mistake the alleged oral representations or agreements are merged in or superseded by the subsequent written contract, and parol evidence to vary, modify or supersede the written contract is inadmissible in evidence: Phillips Gas and Oil Co. v. Kline, 368 Pa. 516, 519, 84 A. 2d 301; Grubb v. Rockey, 366 Pa. 592, 79 A. 2d 255; Walker v. Saricks, 360 Pa. 594, 63 A. 2d 9; Gianni v.

Russell & Co., Inc., 281 Pa. 320, 126 A. 791; Speier v. Michelson, 303 Pa. 66, 154 A. 127; O'Brien v. O'Brien, 362 Pa. 66, 66 A. 2d 309; Russell v. Sickles, 306 Pa. 586, 160 A. 610."

Appellants seek to avoid the effects of the parol evidence rule by placing their case within the exception described in *Yuhas v. Schmidt*, 434 Pa. 447, 258 A. 2d 616 (1969), *Boyd Estate*, 394 Pa. 225, 146 A. 2d 816 (1958), and *Allinger v. Melvin*, 315 Pa. 298, 172 A. 712 (1934), i.e., that where a party seeking to enforce the written instrument admits that the written instrument did not fully and completely state the entire agreement between the parties, parol evidence is admissible to explain and supplement the written instrument.

During his deposition, appellee testified as follows: "Q. Will you tell us in your own words, Mr. Emperee. the reason for your receiving this $10,000.00 note that's involved in this law suit? A. Well, Mrs. Meyers wanted to go into business, and she said she would give me this if I would go in business with her in the Bar Crescent; if we would find a bar she would make me a partner."

It is appellants' contention that this testimony constituted an admission by appellee of the existence of the contemporaneous oral agreement. However, we do not agree that appellee's explanation of the reason why he received a note is an admission of the existence of a contemporaneous oral agreement. To us, it appears to be merely a statement as to the facts surrounding his receipt of the note.

Appellants' other defense is that Mrs. Iris Meyers, as president of the corporate appellant, had no authority to bind the corporation on the note in controversy.

However, the minutes of corporate appellant's only board of directors meeting provided, *inter alia*, for the following: "Upon motion duly made, seconded, and

unanimously passed, it was RESOLVED that the Corporation assume all liability for the purchase of a Restaurant known as . . . together with Restaurant Liquor License No. R8866 . . . and that the Officers are hereby authorized to execute said Loan Agreement and *all other security instruments, leases, notes and other documents necessary for the purchase of said business. . . ."* (Emphasis added.)

Because Iris Meyers, the president and sole stockholder, did not have the expertise to manage a bar and restaurant, it was necessary for the corporation to employ someone else, like appellee, to do so. To obtain appellee's talents, the note became necessary. The active management of a corporation, not its board, traditionally has had power over employee relationships. Therefore, we believe the president of corporate appellant had, if not express, certainly implied, authority to execute the note on behalf of corporate appellant. Moreover, receipt of the note did induce appellee to quit his business, join the appellants and serve as manager of the bar and restaurant for a period of thirteen months. We have often said that a corporation cannot repudiate the agency by which it secured the benefit it has enjoyed. *McClain F. Corp. v. Lineinger,* 341 Pa. 364, 19 A. 2d 478 (1941), *Blumberg v. Broad St. Tr. Co.,* 329 Pa. 471, 198 A. 27 (1938). As we find no clear abuse of discretion by the court in refusing to open the judgment, we must affirm its order.

Order affirmed.

Mr. Justice JONES and MR. JUSTICE POMEROY concur in the result.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

Human nature being what it is, people do not generally promise to pay money to others without receiving a quid pro quo. I therefore cannot bring myself to believe that a simple judgment note with a confession

438

clause can be a complete written contract which covers
or purports to cover the entire agreement between the
parties to the note. Hence, I believe the parol evidence
rule to be irrelevant in the context of this case.

In *Gianni v. R. Russel Co.*, 281 Pa. 320, 126 Atl.
791 (1924), it was held that when a writing is a "con-
tract complete within itself 'couched in such terms as
import a complete legal obligation without any uncer-
tainty as to the object or extent of the engagement
. . ., ' " parol evidence would not be admitted to alter
the terms of the contract. 281 Pa. at 323, 126 Atl. at
792. I am unable, however, to subscribe to the view
that this rule ought to be utilized when the writing
involved consists of a simple judgment note containing
only the unilateral undertaking of the maker. Such a
document can hardly be termed a "contract complete
within itself", and should not be covered by the parol
evidence rule.*

This view is entirely consonant with the general
rule that it is always open to prove consideration if
none is mentioned, *Tasin v. Bastress*, 268 Pa. 85, 110
Atl. 744 (1920); *Cooper v. Potts*, 185 Pa. 115, 39 Atl.
824 (1898); *Guttmann v. Rohrer*, 86 F. Supp. 506 (E.D.
Pa. 1949); and with the accepted proposition that parol
evidence is always competent to show want or failure
of consideration, *Vondersmith v. Sullenberger*, 106 Pa.
Super. 372, 163 Atl. 76 (1932). Any other result would
in fact be both contrary to common sense and highly
disruptive of accepted practice, particularly in pro-
ceedings to open judgments. A simple judgment note

---

*That this has always been the correct rule is clearly illus-
trated by the many cases which have endorsed this result from
times as early as the 19th Century, See, e.g., *Davidson v. Young*,
167 Pa. 265, 31 Atl. 557 (1895); *Bown v. Morange*, 108 Pa. 69
(1884); *Lippincott v. Whitman*, 83 Pa. 244 (1877); *Ayers's Appeal*,
28 Pa. 179 (1857); *Packer v. Hook*, 16 S. & R. 327 (1827); *Sommer
v. Wilt*, 4 S. & R. 19 (1818).

containing only the maker's unilateral promise to pay is simply not a "written contract [which] covers or purports to cover the entire agreement of the parties . . .," *Bardwell v. The Willis Company*, 375 Pa. 503, 506, 100 A. 2d 102, 104 (1953), and the parol evidence rule accordingly should not apply.

I would vacate the judgment of the Court of Common Pleas of Allegheny County and remand the case to that Court for the taking of additional relevant evidence.

Mr. Justice EAGEN joins in this dissent.