## National Cash Register Company *v.* Modern Transfer Co., Inc., Appellant.

*Richard F. Stevens,* with him *Thomas F. Traud, Jr., Howard A. Wiener,* and *Butz, Hudders & Tallman,* for appellant.

*Alan M. Black,* with him *Efron and Black,* for appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

This appeal raises two somewhat interrelated legal questions: (1) may a party to a written contract introduce parol evidence of prior oral representations inducing said party into entering the contract, but which would be inconsistent with or in addition to the written agreement; and, (2) may a party recover consequential damages for an alleged breach of performance under the contract where the parties expressly agreed to an exclusion of damages clause in their written agreement.

The National Cash Register Company (hereinafter, "NCR") commenced this action in assumpsit against Modern Transfer Company (hereinafter "Modern") seeking to recover damages as a result of Modern's alleged breach of contract in both failing to accept delivery and to pay rentals due under the terms of the agreement. The parties entered into two written contracts for the rental of an NCR Century 100 computer and a disc pack to be used therein on September 4, 1969. The complaint alleges that NCR was and has been at all times ready, willing and able to perform its obligations under the lease agreements.

Modern filed an Answer and New Matter alleging a breach of contract on the part of NCR. After preliminary objections thereto were sustained. Modern filed an amended pleading which also set forth counterclaim in two counts—one in trespass claiming fraudulent mis-

representations made by NCR's sales agent prior to the formal contract, and a second count in assumpsit claiming breach of contract by NCR. Modern also joined NCR's sales agent, Martin E. Zales, as an additional defendant based upon the same alleged fraudulent misrepresentations. The additional defendant's preliminary objections to Modern's complaint against him were dismissed by the court below.

The oral representations and allegations of NCR's breach were as follows:

(1)  That the NCR Century 100 computer would out-perform an IBM computer for Modern's intended uses. (The written lease merely provides: "NCR warrants the NCR Century 100 is capable of performing the function now being performed on the customer's IBM 1440 System.")

(2)  That NCR would furnish a qualified systems analyst with experience as a systems analyst in computer accounting for the trucking industry. (The written lease provides that NCR will furnish a qualified systems analyst, but does not require any specific experience in the trucking industry.)

(3)  That NCR would be responsible for the conversion of appellant's accounting programs into a workable form suitable for use on the NCR Century 100. (The written lease provides: "NCR will review, assist and make recommendations to the customer regarding the equipment and the customer's programming techniques, systems approach, debugging procedures, etc. NCR will assist the customer in maintaining an effective schedule.")

(4)  That NCR would deliver the equipment and properly complete all required programming within eight months from the date of execution of the agreement. (The written lease does not fix a specific delivery date for the equipment and does not require NCR to complete any programming.)

(5) That the local NCR office would have a back-up NCR Century 100 computer for testing purposes prior to delivery of the leased equipment. (The written lease does not impose any such requirement upon NCR.)

NCR filed preliminary objections in the nature of a demurrer to Modern's amended pleadings. The court below sustained the demurrer stating that the trespass count was based solely upon prior oral representations, proof of which was barred by the parol evidence rule. In addition thereto, the court granted NCR's motion to strike because the remaining assumpsit count was also based upon inadmissible oral evidence and asserted improper items of damage. The motion for a more specific pleading was dismissed. The lower court did, however, grant Modern 20 days in which to amend the stricken pleading to an acceptable claim. From the decision of the court below sustaining NCR's demurrer to the trespass count and its motion to strike, Modern, the appellant herein, has filed this appeal.

I. Parol Evidence Rule As A Bar To Recovery

Parties sui juris are free to make their own contracts, which, in the absence of an allegation of fraud, accident, or mistake, will be interpreted and enforced as written, except as to unconscionable provisions. *Peter J. Mascaro Co. v. Milonas*, 401 Pa. 632, 166 A. 2d 15 (1960); *Insley v. State Mutual Life Assurance Co.*, 334 Pa. 368, 5 A. 2d 544 (1939). Likewise, a court ordinarily cannot disregard a clause in a contract to which a reasonable meaning can be given. The general rule is that a court will make no inference or give any construction to the terms of a written contract that may be in conflict with the clearly expressed language of the written agreement. *Spigelmire v. North Braddock School District*, 352 Pa. 504, 43 A. 2d 229 (1945); *General Finance Co. v. Pa. Threshermen & Farmers'*

*Mutual Casualty Ins. Co.,* 348 Pa. 358, 35 A. 2d 409 (1944). Thus, when the language is clear, there is no need for interpretation, and words cannot be added.

In the absence of ambiguity, a written contract is held to express all negotiations and agreements made prior to and leading up to its execution; that is, the negotiations are presumed to be merged in the writing, and oral testimony is inadmissible to explain or vary the writing. *Waldman v. Shoemaker,* 367 Pa. 587, 80 A. 2d 776 (1951). This exclusionary rule has been referred to as the "parol evidence rule."

Appellant seeks to recover damages from appellee on the basis of oral representations allegedly made by appellee's sales agent prior to execution of the written computer lease agreement, but not contained therein. Despite the existence of an integration clause in the executed contract,[1] appellant argues that existing case law permits us to consider extrinsic and parol evidence to justify its claim.

We believe that Judge BACKENSTOE ably stated the analysis of the case law and its applicability to the peculiar facts of the instant case:

"In deciding under what circumstances an oral agreement is superseded by a written one, 'it is necessary to consider whether the parties situated as were the ones interested in the contract would naturally and normally include the one in the other. If they relate to

---

[1] The written lease agreement contains the following provision: "This Agreement constitutes the entire agreement of the parties and supersedes all prior agreements, understandings and negotiations. NCR and the Customer specifically represent, each to the other, that there are no additional or supplemental agreements between them related in any way to the Equipment or the use and service thereof unless copies of the same are presently attached hereto and made a part hereof. This Agreement may not be changed or modified in any way subsequent to the date of execution hereof by the Customer except by an instrument in writing signed by the Customer and accepted by NCR at its Home Office."

the same subject matter and are so interrelated that both would naturally be executed at the same time and in the same contract, the scope of the oral agreement must be considered as covered by the writing.' Henry On Evidence, Section 604, page 31. The effect of the integration clause is to make the parol evidence rule 'particularly applicable'. Henry On Evidence, Section 591, page 3, note 3. Williston On Contracts, Section 811, Third Edition.

"In applying these principles to the instant case, we note that this is a contract apparently executed by senior officials of two active corporations. The defendant's officers, while perhaps not familiar with plaintiff's particular product, had direct experience in the computer field, having leased a computer from one of plaintiff's competitors. While the contract is a form lease, prepared by the plaintiff, there is a carefully drafted addendum to it which contains warranties and agreements dealing with most of the allegations contained in defendant's counterclaim. The addendum was signed by the defendant's president. We believe this addendum represents the final negotiations of the parties and supersedes any prior understandings."

Our Supreme Court has upheld "integration" or "merger" clauses in contracts, and have refused to admit parol or prior written agreements where the language of the contract is clear and unambiguous. In *Appeal of Edwin J. Schoettle Co.*, 390 Pa. 365, 372, 134 A. 2d 908 (1957), the Supreme Court said that while a court may take into consideration extrinsic circumstances in certain situations, it "does not mean that where there is an integrated agreement—'where the parties thereto adopt a writing or writings as the final and complete expression of the agreement' [from Restatement of the Law of Contracts, §228]—evidence of the negotiations which have led to the formation of this integrated agreement is admissible to show an intent at

variance with the language of the written agreement. . . . The language of the instant agreement is clear and unambiguous. The buyer's evidence would tend to prove that in the negotiations leading up to the integrated agreement it was intended that the sellers warrant the company's and its subsidiaries' financial condition, whereas the language of the agreement plainly expresses a contrary intent. The admission of such evidence would vary and change the language of the agreement and its exclusion was eminently proper under the circumstances."

Appellant argues that even if parol evidence is inadmissible to vary or contradict the written contract, this Court should admit evidence that would show a breach of contract for failure to deliver by a specified time. Although the contract does not include a delivery date, appellant argues that prior negotiations had set the date of June 1, 1970.

Appellee denies any agreement as to the date of delivery. NCR contends that as no date was specified in the lease agreement that delivery must be forthcoming within a "reasonable time". We agree. The case law is well-established and without exception provides that when no time is set for performance, a reasonable time must be allowed under the circumstances. A contract does not, in any event, fail for want of a date of performance. *Patterson v. Graham*, 164 Pa. 234 (1894); *Shepler v. Scott*, 85 Pa. 329 (1877); *Bellas v. Hays*, 5 S.&R. 427, 9 Am. Dec. 385 (1819); with regard to the *sale* of goods, in accord, U.C.C., 12A P.S. §2-309.

Appellant argues that we are not bound to invoke the parol evidence rule where, as here, a party alleges that it executed the written contract because of fraudulent representations made during negotiations. Appellant cites a number of cases and treatises in support of that contention. We have reviewed the law on the subject and find the law to the contrary. Our Supreme

Court has often considered this issue, and in its decision in *Nicolella v. Palmer*, 432 Pa. 502, 507-508, 248 A. 2d 20 (1968), reviewed the prior decisions and held: "The instant case in this respect is controlled by *Bardwell v. The Willis Company*, 375 Pa. 503, 100 A. 2d 102 (1953), where this Court, speaking through Justice (now Chief Justice) BELL stated at page 506:

"Where the alleged prior or contemporaneous oral representations or agreements concern a subject which is specifically dealt with in the written contract, and the written contract covers or purports to cover the entire agreement of the parties [footnote omitted], the law is now clearly and well settled that in the absence of fraud, accident or mistake the alleged oral representations or agreements are merged in or superseded by the subsequent written contract. . . . [Citations omitted.]

"There is not the slightest doubt that if plaintiffs had merely averred the falsity of the alleged oral representations, parol evidence thereof would have been inadmissible. Does the fact that plaintiffs further averred that these oral representations were *fraudulently* made without averring that they were *fraudulently* or by accident or mistake *omitted* from the subsequent complete written contract suffice to make the testimony admissible? The answer to this question is "no"; if it were otherwise the parol evidence rule would become a mockery, because all a party to the written contract would have to do to avoid, modify or nullify it would be to aver (and prove) that the false representations were *fraudulently* made.' (Emphasis in original.) [Citations omitted.]

"In the instant case, as in *Bardwell*, there was no averment that the alleged agreements set forth in . . . the Amended Complaint were fraudulently or by accident or mistake *omitted* from the written contract. The mere allegation that they were fraudulently *made* is not

enough, as *Bardwell* makes evident." See also, *Caplan v. Saltzman*, 407 Pa. 250, 254-255, 180 A. 2d 240 (1962); *Pellegrene v. Luther*, 403 Pa. 212, 214, 169 A. 2d 298 (1961).

## II.  Exclusion From Liability Clause As Bar To Recovery

Appellant by way of counterclaim claims that it has been damaged by appellee through its breach of contract, and should therefore be permitted to recover damages.

As we have already stated, *supra*, the parol evidence rule requires the exclusion of evidence of breach that stems from inadmissible prior or contemporaneous statements or agreements between the parties. There is, however, additional reason for disallowing appellant's claim.

The written contract between the parties specifically precludes the recovery of such damages.[2] Appellant argues, however, that the fraudulent acts and inducements present herein should nullify a provision that makes the defrauding party immune from liability. This Court has on numerous occasions held that a contract provision eliminating liability for special, indirect or consequential damages is valid and enforceable. *Himco Corp. v. Lombardi*, 193 Pa. Superior Ct. 1, 162 A. 2d 263 (1960); *Magar v. Lifetime, Inc.*, 187 Pa. Superior Ct. 143, 144 A. 2d 747 (1958). We hold that appellant's assertion of claims for damages of a special or consequential nature was not in conformance with the law.

---

[2] The written lease agreement contains the following provision: "In no event shall NCR be liable for indirect, special, or consequential damages of any nature arising out of the existence, furnishing, functioning or the Customer's use of any unit of the equipment or any services provided hereunder."

The trial court acted properly in striking off its amended answer with new matter.

The order of the court below is affirmed.

JACOBS, J., would affirm on the opinion of Judge BACKENSTOE.