J-A09036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.D.F. EXCAVATORS, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| APEX ENERGY SERVICE, LLC | : | |
| | : | |
| Appellant | : | No. 1291 WDA 2017 |

Appeal from the Judgment Entered August 16, 2017
In the Court of Common Pleas of Washington County Civil Division at
No(s):  2016-6050

BEFORE:  BOWES, J., DUBOW, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 12, 2018**

Apex Energy Service, LLC (Appellant) appeals from the order granting the motion for judgment on the pleadings filed by Appellee, M.D.F. Excavators (M.D.F.).  We affirm.

The following facts and procedural history are undisputed.  On August 28, 2015, Appellant and M.D.F. executed a promissory note (Promissory Note) in the amount of $100,000.00.  Pursuant to the terms of the Promissory Note, Appellant was to make 36 monthly payments in the amount of $2,997.09 to M.D.F., representing "the remaining amount due from [Appellant] to [M.D.F.] for an asset purchase. . . ."  Appellant's Complaint in Civil Action Ex. A. Furthermore, the Promissory Note included acceleration language, whereby M.D.F. could accelerate the maturity of the debt in the event Appellant were to default on its payments, and a provision waiving "presentment, demand, notice, protest, all rights of set-off or counterclaim, and all other demands and

notices in connection with the delivery, acceptance, performance, default or enforcement of this Note." ***Id.***

Thereafter, Appellant made 10 monthly installment payments to M.D.F., but beginning on August 24, 2016, failed to make further payments. On November 21, 2016, M.D.F. filed a complaint in civil action alleging breach of contract, and seeking payment of the amount due under the Promissory Note.

On April 10, 2017, Appellant filed an answer, new matter, and counterclaim, arguing that the Promissory Note did not constitute the entire agreement of the parties, but was "part of a larger agreement," in which M.D.F. agreed as follows:

A. MDF would sell its excavation business to [Appellant], which included the sale of certain equipment as well as MDF's "book of business" with various contractors and energy companies;

B. The owner of MDF, Mark Fitzgerald [ ] would become an employee of [Appellant], at a substantial salary, and would assist [Appellant] in securing contracts with the companies included in MDF's "book of business."

C. Mr. Fitzgerald would also supervise the excavation projects that he secured for [Appellant].

Appellant's Answer, New Matter, and Counterclaim, at ¶ 13(A-C). In its counterclaim, Appellant averred that M.D.F. breached its contractual obligations, and thus, Appellant sought an offset for the damages it sustained due to M.D.F.'s purported contractual breaches. ***Id.*** at ¶ 20.

On June 12, 2017, following the close of pleadings, M.D.F. filed a motion for judgment on the pleadings. The trial court heard arguments on the motion

on August 16, 2017, after which the trial court granted M.D.F.'s motion. Appellant filed a timely notice of appeal and concise statement of matters complained of on appeal. The trial court filed a Rule 1925(a) opinion on October 26, 2017.

Appellant presents the following issues for our review:

1. Did the [c]ourt err in granting judgment on the pleadings?

2. Did the [c]ourt fail to construe the pleadings in the light most favorable to the non-moving party?

3. Did the [c]ourt err in holding that the parol evidence rule precluded Appellant's defenses?

4. Did the [c]ourt ignore the Appellant's allegations that the note was part of a larger agreement involving the sale of a business?

Appellant's Brief at 4 (trial court answers omitted).

We begin by noting our well-settled standard of review:

Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to reasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.

Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

- 3 -

> We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Sw. Energy Prod. Co. v. Forest Res., LLC*, 83 A.3d 177, 185 (Pa. Super. 2013) (citation omitted), *appeal denied*, 96 A.3d 1029 (Pa. 2014). On appeal, our task is to determine whether the trial court's ruling was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly be tried before a jury or by a judge sitting without a jury. *Citicorp N. Am., Inc. v. Thorton*, 707 A.2d 536, 538 (Pa. Super. 1998).

As Appellant's issues are interrelated, we address them together. The essence of Appellant's argument is that the absence of an integration clause in the Promissory Note "constitutes persuasive evidence that the parties did not intend the written contract to serve as a complete statement of the terms of their agreement." Appellant's Brief at 10. In other words, Appellant contends that if M.D.F. intended the Promissory Note to represent the parties' entire agreement, it should have included an integration clause. Because the Promissory Note failed to include such a clause, Appellant asserts that the trial court's application of the parol evidence rule was in error. *Id.* at 11-12. Appellant also asserts that the trial court failed to view the pleadings in the light most favorable to Appellant as the non-moving party, and thus erred in granting M.D.F.'s motion for judgment on the pleadings. *Id.* at 13.

Our Supreme Court detailed the parol evidence rule and its applicability in *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425 (Pa. 2004).

- 4 -

> Where the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement. All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract . . . and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms and agreements cannot be added to nor subtracted from by parol evidence.

*Gianni v. Russell & Co.*, [ ] 126 A. 791, 792 ([Pa.] 1924) (citations omitted); *see also Scott v. Bryn Mawr Arms, Inc.*, [ ] 312 A.2d 592, 594 ([Pa.] 1973). Therefore, for the parol evidence rule to apply, there must be a writing that represents the "entire contract between the parties." *Gianni*, 126 A. at 792. To determine whether or not a writing is the parties' entire contract, the writing must be looked at and "if it appears to be a contract complete within itself, couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the [parties'] engagement, it is conclusively presumed that [the writing presents] the whole engagement of the parties . . ." *Id.* An integration clause which states that a writing is meant to represent the parties' entire agreement is also a clear sign that the writing is meant to be just that and thereby expresses all of the parties negotiations, conversations, and agreements made prior to its execution. *See HCB Contractors [v. Liberty Place Hotel Assoc.]*, 652 A.2d [1278,] 1280 [(Pa. 1994)].

Once a writing is determined to be the parties' entire contract, the parol evidence rule applies and evidence of any previous oral or written negotiations or agreements involving the same subject matter as the contract is almost always inadmissible to explain or vary the terms of the contract. *See Bardwell v. Willis Co.*, [ ] 100 A.2d 102, 104 ([Pa.] 1953); *McGuire v. Schneider*, 534 A.2d 115, 117-18 (Pa. Super. 1988). One exception to this general rule is that parol evidence may be introduced to vary a writing meant to be the parties' entire contract where a party avers that a term was omitted from the contract because of fraud, accident, or mistake. *See HCB Contractors*, 652 A.2d at 1279; *Bardwell*, 100 A.2d at 104. In addition, where a term in the parties' contract is ambiguous, "parol evidence is admissible to explain or clarify or resolve the ambiguity, irrespective of whether

the ambiguity is created by the language of the instrument or by extrinsic or collateral circumstances." **Estate of Herr**, [ ] 161 A.2d 32, 34 ([Pa.] 1960)).

**Yocca**, 854 A.2d at 436-37.

Moreover, while "[a]n integration clause stating the parties intend the writing to represent their entire agreement is a clear sign the writing expresses all of the parties' negotiations, conversations and agreements made prior to its execution," **DeArmitt v. New York Life Ins. Co.**, 73 A.3d 578, 589-90 (Pa. Super. 2013), **its absence does not automatically subject the written agreement to parol evidence**. **Kehr Packages v. Fidelity Bank, N.A.**, 710 A.2d 1169, 1173 (Pa. Super. 1998) (emphasis added). Rather, in the absence of an integration clause, a court must examine the text of the parties' agreement to determine its completeness. **Id.**

Instantly, the trial court concluded that the Promissory Note constituted a "complete contract that is separate and apart from any other agreements between the parties." Trial Court Opinion, 10/26/17, at 3. The trial court first determined that the terms of the Promissory Note were clear and unambiguous, and then, based upon Appellant's admission that Appellant failed to make any payments on the Promissory Note since August 24, 2016, held that Appellant breached its agreement with M.D.F. Accordingly, the trial court entered judgment in favor of M.D.F. in the amount of $77,924.35.

Our review of the certified record reveals that M.D.F. tendered a promissory note which on its face was complete, and cannot be supplemented by the parties' previous negotiations or agreements, including any verbal

agreements.  The Promissory Note unambiguously stated that the value of the note was $100,000.00, "such sum being the remaining amount due from [Appellant] to [M.D.F.] for an asset purchase and together with any and all other sums which may be due and payable hereunder. . . ."  Appellant's Complaint in Civil Action Ex. A.  Under the terms of the Promissory Note, Appellant was required to make 36 monthly installment payments toward the balance of the loan.  *Id.*  In its answer, Appellant admitted that it had not made any payments since August 24, 2016.  Here, the trial court interpreted the agreement and found that Appellant had an obligation to make monthly payments or be subject to an acceleration clause.  Likewise, Appellant "expressly waived its right to file any set-offs or counterclaims under this agreement."  Trial Court Opinion, 10/26/17, at 3.  This interpretation was derived from the clear language of the Promissory Note.  Accordingly, we find no error by the trial court.  We further note that the parties' pleadings did not raise any factual disputes regarding the interpretation to be ascribed to the Promissory Note.  Thus, the trial court properly decided as a matter of law that Appellant breached its agreement with M.D.F.

For the foregoing reasons, we affirm the order granting judgment on the pleadings.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/12/2017</u>