

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2009

# Beverly Prather v. Prudential Fox & Roa

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3374

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Beverly Prather v. Prudential Fox & Roa" (2009). *2009 Decisions*. Paper 1166.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1166

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3374
_____

BEVERLY PRATHER,

Appellant

vs.

PRUDENTIAL FOX & ROACH

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 07-cv-01264)
District Judge:  Honorable Stewart Dalzell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 16 2009
Before:  SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges
Opinion filed: June 19, 2009

_____

OPINION
_____

PER CURIAM.

Beverly Prather, pro se, appeals from the District Court's grant of the

appellee's motion for summary judgment and the denial of her own motion for summary

judgment.  For the reasons that follow, we shall affirm the District Court's order.

1

From June to November, 2005, Prather worked at Prudential Fox & Roach

("PFR"), a real estate company, as a temporary administrative aide. She received the job

through a staffing service called OfficeTeam. In 2007, Prather filed a complaint in the

Eastern District of Pennsylvania asserting a claim under Title VII of the Civil Rights Act

of 1964. In particular, Prather alleged that she had been subject to sexual harassment in a

hostile work environment on several occasions on the PFR premises by an independent

contractor sales associate working for PFR. Both Prather and PFR filed motions for

summary judgment. PFR asserted that since Prather worked for an independent

contractor and not for PFR, she was not entitled to relief under Title VII. Prather argued

that there existed no genuine issue of material fact on her sexual harassment claim and

that she was entitled to judgment as a matter of law. On July 18, 2008, the District Court

issued an order granting PFR's summary judgment motion and denying Prather's motion.

A timely notice of appeal followed.

Because summary judgment is appropriate only where there is no issue of

material fact and judgment is appropriate as a matter of law, our review of a grant of

summary judgment is plenary. Rosen v. Bezner, 996 F.2d 1527, 1530 (3d Cir. 1993)

(citing Jefferson Bank v. Progressive Cas. Ins. Co., 965 F.2d 1274, 1276 (3d Cir. 1992));

see Fed. R. Civ. P. 56(c). After reviewing the record, we will affirm the District Court's

grant of summary judgment.

To establish a sexual harassment claim under Title VII of the Civil Rights

2

Act, Prather must first establish that she in fact was an employee of PFR, and not of OfficeTeam, her temporary staffing agency. See Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 127-28, n.5 (3d Cir. 1998) (stating that, as under Title VII, "independent contractors are not employees within the meaning of the ADEA") (Scirica, J., concurring in part, dissenting in part) (citing Equal Employment Opportunity Comm'n v. Zippo Mfg. Co., 713 F.2d 32 (3d Cir. 1983)). In order to determine whether a person is an employee for purposes of Title VII, the common law of agency and the traditional master-servant doctrine applies. See Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 322-24 (1992).[1] The court should consider:

> the hiring party's right to control the manner and means by which the product is accomplished [;] . . . the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

Id. at 323-24.

The District Court found that under Darden, Prather was not an employee of

---

[1] As the District Court notes, Darden was an ERISA case, not a Title VII case. However, the statutory language is identical. Furthermore, the Supreme Court has applied Darden in other employment discrimination contexts where the statutory definition of employee is the same as that in ERISA. See Clackamas Gastroenterology Assocs. v. Wells, 538 U.S. 440, 444-45 (2003).

PFR. After reviewing the record, we agree with that assessment. Prather sent her time sheets to, and received her paycheck directly from, OfficeTeam; a W2 from 2005 identifies OfficeTeam's parent company, Robert Half International, as Plaintiff's employer; OfficeTeam paid her social security taxes and worker's compensation insurance; Prather contacted OfficeTeam rather than PFR if she could not attend work or had to see a doctor; PFR could only use Prather for services within the scope of the agreement with OfficeTeam; PFR did not have the ability to terminate her employment; and PFR was responsible to OfficeTeam for supervision of her work. The only evidence Prather submitted was an application for a commission as a notary public in which she listed PFR as her employer. However, as the District Court noted, this evidence is not dispositive since it was Prather, and not PFR, who filled out the form. In conclusion, the District Court properly granted PFR's summary judgment motion because there existed no genuine issue of material fact as to whether Prather was an employee of PFR. For the same reason, the District Court properly denied Prather's summary judgment motion.

Finally, we will deny Prather's "demand" for disclosure and restitution. To the extent she seeks disclosure of the "amount of funds" this Court has received, we remind her that all fees for appeals are payable to the District Court, not the Court of Appeals. Her request for restitution of such funds is thus denied. Costs will be assessed to the appellant. See Fed. R. App. P. 39(a)(2); LAR 39.

4