J-A12030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NILSA LOPEZ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CITYWIDE COMMUNITY COUNSELING SERVICES, INC. MIGUEL PEGUERO, ANA JIMENEZ AND MODESTA MOLINA, PH.D. | |
| | No. 1843 EDA 2015 |

Appeal from the Judgment Entered May 28, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 01250 June Term, 2013

| | |
|---|---|
| NILSA LOPEZ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CITYWIDE COMMUNITY COUNSELING SERVICES, INC., MIGUEL PEGUERO, ANA JIMENEZ AND MODESTA MOLINA, PH.D. | |
| Appellants | No. 1870 EDA 2015 |

Appeal from the Judgment Entered May 28, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 01250 June Term, 2013

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS[*], P.J.E.

---

[*] Former Justice specially assigned to the Superior Court.

J-A12030-16

JUDGMENT ORDER BY PANELLA, J.       **FILED SEPTEMBER 27, 2016**

Citywide Community Counseling Services, Inc. (the "Citywide Appellants") and Nilsa Lopez ("Appellant Lopez") cross-appeal from the judgment entered after a non-jury verdict in favor of Appellant Lopez and against the Citywide Appellants and Defendant, Miguel Peguero.[1] The Citywide Appellants challenge the trial court's factual and legal conclusions supporting a verdict in favor of Appellant Lopez. Appellant Lopez challenges the trial court's entry of a nonsuit against Defendants, Ana Jimenez and Modesta Molina, Ph.D. We affirm.

The trial court accurately summarized the history of this case. **See** Trial Court Opinion, 10/21/15, at 1-9. Therefore, a detailed recitation of the factual and procedural history is unnecessary. We review a verdict following a non-jury trial as follows.

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, where the issue . . . concerns a question of law, our scope of review is plenary.

---

[1] These appeals have been consolidated.

- 2 -

***Stephan v. Waldron Elec. Heating and Cooling, LLC***, 100 A.3d 660, 664 (Pa. Super. 2014) (citation and brackets omitted). Further, the fact-finder is free to accept or reject the testimony of both expert and lay witnesses, and to believe all, part or none of the evidence. ***See Terwilliger v. Kitchen***, 781 A.2d 1201, 1210 (Pa. Super. 2001).

On appeal, the Citywide Appellants have consolidated the 13 issues raised in their Rule 1925(b) statement into five claims of error. Appellant Lopez has raised one issue on appeal. The trial court, in its October 21, 2015 opinion, has aptly reviewed both parties' claims and disposed of all arguments on the merits. We have reviewed the parties' briefs, the relevant law, the certified record, and the well-written opinion of the Honorable Paula Patrick. We have determined that the trial court's opinion comprehensively disposes of both the Citywide Appellants' and Appellant Lopez's issues on appeal, with appropriate references to the record and without legal error. Therefore, we will affirm based on this decision. ***See*** Trial Court Opinion, dated 10/21/15.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2016

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
FIRST JUDICAL DISTRICT OF PENNSLYVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| NILSA LOPEZ | PHILADELPHIA COUNTY |
| | COURT OF COMMON PLEAS |
| v. | |
| | JUNE TERM, 2013 |
| CITYWIDE COMMUNITY COUNSELING | NO. 01250 |
| SERVICES, INC., MIGUEL PEGUERO, | |
| ANA JIMENEZ and MODESTA MOLINA, Ph.D. | 1870 EDA 2015 |
| | 1843 EDA 2015 |

**Patrick, J.**                                                          **DATE: October 21, 2015**

Plaintiff, Nilsa Lopez, filed an appeal from the judgments entered in this matter on May 28, 2015 and April 9, 2015 (docketed on April 10, 2015). Defendants, Citywide Community Counseling Services, Inc., Ana Jimenez, and Modesta Molina, Ph.D, filed a cross-appeal from the Court's Orders of March 16, 2015 and April 10, 2015. This Court now submits the following Opinion in support of its ruling and in accordance with the requirements of Pa. R.A.P. 1925(a). For the reasons set forth below, this Court's decision should be affirmed.

**PROCEDURAL HISTORY**

On July 23, 2013, Plaintiff Nilsa Lopez filed an Amended Complaint against Defendants Citywide Community Counseling Services, Inc. ("Citywide"), Miguel Peguero ("Peguero"), Ana Jimenez ("Jimenez"), and Modesta Molina ("Molina").[1] Plaintiff's four-count Amended Complaint contained the following causes of action: (1) premises liability, (2) civil assault and

---

[1] Plaintiff filed the original Complaint on June 10, 2013.

Lopez Etal Vs City Wide Community Counseling-OPFLD

13060125000178

1

bat...y, (3) false imprisonment, and (4) violations of the Pennsylvania Human Relations Act, ¬J P.S. § *et. seq.* ("PHRA").

A non-jury trial commenced on March 9, 2015. Plaintiff was represented by Christopher DelGazio and Thomas Holland. Defendants, Citywide Community Counseling Services, Inc., Ana Jimenez, and Modesta Molina were represented by David Hollar. Defendant, Miguel Peguero, was represented by Miguel Leon. At trial, Plaintiff's counsel introduced as evidence the live testimony of Lillian Santiago as well as the live testimony of the Plaintiff, Nilsa Lopez. Mr. Hollar introduced as evidence the live testimony of Ana Jimenez, Samuel Fernandez, and Lisette Perez. At the conclusion of Plaintiff's case-in-chief, and upon the oral motion of Mr. Hollar, this Court entered a nonsuit and dismissed Ana Jimenez and Modesta Molina from the case.

The trial concluded on March 10, 2015. On March 16, 2015, this Court entered judgment in favor of the Plaintiff and against Defendants Citywide and Peguero in the amount of $50,000.00 jointly and severally. (*See* Court's Order dated March 16, 2015, attached hereto and marked as Exhibit "A").

On March 24, 2015, Mr. Holland filed the following motions on behalf of the Plaintiff: (1) Motion for Assessment of Delay Damages, (2) Bill of Costs, and (3) Motion for Post-Trial Relief. In the Motion for Post-Trial Relief, Mr. Holland claimed that "[t]he Court's failure to conclude that Defendant Ana Jim[e]nez and Defendant Modesta Molina are liable for Plaintiff's injuries is against the weight of the evidence, warranting Judgment NOV." (*See* Plaintiff's Motion for Post-Trial Relief dated March 24, 2015, attached hereto and marked as Exhibit "B").

That same day, March 24, 2015, Mr. Hollar filed a Post-Trial Motion on behalf of Defendants, Citywide, Jimenez, and Molina. Mr. Hollar requested that this Court: (1) modify its Order to include judgment in favor of Defendants and Molina and against the Plaintiff on Count

2

IV of her Amended Complaint; (2) modify its Order to include judgment in favor of Defendant Citywide against the Plaintiff on Count I of her Amended Complaint; (3) modify and change its Order and direct judgment in favor of Defendant Citywide against the Plaintiff on Count IV of her Amended Complaint, or alternatively for more specific findings and/or a new trial; (4) modify and change its Order to omit reference to the joint and several liability of Defendants Peguero and Citywide or alternatively for more specific findings and/or a new trial; (5) modify its Order to identify the nature and apportion the amount of damages resulting from the separate claims against Defendant Peguero and Defendant Citywide or alternatively for a new trial; (6) modify and change its Order to identify the legal and/or factual basis for declining to enforce the release according to its terms and/or vacate the judgment entered in favor of Plaintiff and against Defendant Citywide and enter judgment in favor of Defendant Citywide and against the Plaintiff, or alternatively for a new trial; (7) modify and change its Order to vacate the judgment entered in favor of Plaintiff and against Defendant Citywide for costs; and (8) modify and change its Order to vacate the judgment entered in favor of Plaintiff and against Defendant Citywide for costs. (*See* Defendants' Post-Trial Motion dated March 24, 2015 attached hereto and marked as Exhibit "C").

On March 26, 2015, Mr. Leon filed a Post-Trial Motion on behalf of Defendant Miguel Peguero, requesting that this Court's "Order of March 16, 2015 be vacated and that the Court enter an Order that properly relates to one Count of the Plaintiff's Complaint that relates to him and does not direct that he pay attorney fees." (*See* Defendant Peguero's Motion for Post-Trial Relief dated March 26, 2015 attached hereto and marked as Exhibit "D").

On April 10, 2015, this Court denied the Post-Trial Motions of Defendants, Citywide, Jimenez, and Molina. That same day, this Court denied Plaintiff's Motion for Post-Trial Relief.

3

On April 14, 2015, Defendants, Citywide, Jimenez, and Molina (collectively "Defendants") filed a Notice of Appeal from the Court's Orders of March 16, 2015 and April 10, 2015; Defendants' Notice of Appeal was docketed on May 6, 2015 (1235 EDA 2015). On April 22, 2015, Plaintiff filed a Notice of Cross-Appeal from the Court's Order of April 10, 2015; her Notice of Cross-Appeal was docketed on May 12, 2015 (1295 EDA 2015). On June 15, 2015, the Superior Court quashed the appeal of Plaintiff as premature because "the Plaintiff's post-trial motions for delay damages were pending in the trial court." (*See* Superior Court Order dated June 15, 2015, attached hereto and marked as Exhibit "E"). For the same reasons, the Superior Court quashed the appeal of Defendants on June 17, 2015. (*See* Superior Court Order dated June 17, 2015, attached hereto and marked as Exhibit "F").

On May 20, 2015, this Court denied Defendant Peguero's Post-Trial Motion. That same day, May 20, 2015, this Court denied Plaintiff's Motion for Assessment of Delay Damages (docketed on May 21, 2015). Final judgment was entered on May 28, 2015.

Plaintiff subsequently filed an appeal from the judgments entered in this matter on May 28, 2015 and April 9, 2015, which were based upon (1) the April 9, 2015 Order of this Court (docketed on April 10, 2015) denying Plaintiff's Motion for Post-Trial Relief, (2) the April 9, 2015 Order of this Court (docketed on April 10, 2015) denying the Post-Trial Motion of Defendants Citywide Community Counseling Services, Inc., Ana Jimenez and Modesta Molina, and (3) the May 20, 2015 Order of this Court (docketed on May 21, 2015) denying Plaintiff's Motion for Delay Damages." (*See* Plaintiff's Notice of Appeal dated June 3, 2015, attached hereto and marked as Exhibit "G"). Plaintiff's appeal was docketed on June 26, 2015 (1843 EDA 2015).

Defendants, Citywide, Jimenez, and Molina filed a cross-appeal from the Court's Orders of March 16, 2015 and April 10, 2015. (*See* Defendants Notice of Cross-Appeal dated June 17,

4

20__, attached hereto and marked as Exhibit "H"). Defendants' cross-appeal was docketed on June 30, 2015 (1870 EDA 2015).

Pursuant to this Court's directive, Defendants filed their Statement of Matters Complained of on Appeal on July 8, 2015. Plaintiff filed her Statement of Matters Complained of on Appeal on July 23, 2015.

## FACTUAL BACKGROUND

1. In June 2010, Plaintiff, Nilsa Lopez, enrolled in the Sanford-Brown Institute ("Sanford-Brown") to pursue a degree in medical assisting. N.T. 3/9/15 at 27-28.

2. As part of the curriculum at Sanford-Brown, Plaintiff was required to complete 180 hours of an externship to obtain her medical assistance license. *Id.* at 28, 34.

3. On June 6, 2011, Plaintiff began an externship at Citywide. Plaintiff learned about the externship position from her friend's mother, Lillian Santiago ("Ms. Santiago"), who worked as a billing manager at Citywide. *Id.* at 163-164.

4. At the start of her externship, Plaintiff worked in the basement billing office with Ms. Santiago. *Id.* at 29.

5. Plaintiff was eventually transferred from the basement to the first floor where she worked at the front desk. *Id.* at 29-30.

6. Plaintiff was bilingual in English and Spanish. *Id.* at 27. Her duties at Citywide included, among other things, translating for therapists "from Spanish to English, English to Spanish." *Id.* at 30.

7. Plaintiff's first floor office was adjacent to Defendant Miguel Peguero's office. Peguero was a therapist and independent contractor at Citywide who spoke only Spanish. *Id.* at 6, 30, 33.

5

8. At some point prior to July 13, 2011, Peguero asked Plaintiff to translate his progress notes from Spanish to English. *Id.* at 33.

9. On the morning of July 13, 2011, Peguero approached the Plaintiff in the pre-intake room and started touching Plaintiff on her shoulder. *Id.* at 41-42. Peguero told Plaintiff he wanted to talk to her about something. Plaintiff assumed Peguero wanted to discuss the progress notes. They walked to Peguero's office. *Id.*

10. Once inside, Peguero locked the door behind him and sat in front of Plaintiff. Peguero then told the Plaintiff "he wished [she] was laying next to him instead of his wife" and that "he wished he could have a baby with [the Plaintiff]." Peguero also made comments to Plaintiff about her lips, eyes, and complexion. *Id.* at 42-43.

11. When Plaintiff tried to leave the room, Peguero grabbed her feet and kissed the top of her foot. Peguero then grabbed the Plaintiff by her shoulders and tried to kiss her. Plaintiff pulled away. Peguero "yanked" Plaintiff back and kissed her on the lips against Plaintiff's will. Peguero eventually let the Plaintiff leave the room. *Id.*

12. Plaintiff went to the police to file a report against Peguero. The police advised Plaintiff to inform her supervisors about the incident first. *Id.* at 49-50.

13. Later that day, Plaintiff told Ms. Santiago about the incident with Peguero. Ms. Santiago subsequently called Plaintiff's supervisor, Defendant Jimenez, and "told her a brief of what had happened." *Id.* at 46-47, 53.

14. The next day, July 14, 2011, Plaintiff met with Defendant Jimenez, as well as Defendant Molina, who was the Chief of Operations, and Defendant Perez, who was the Executive Administrative Assistant. Plaintiff attempted to explain what happened but they brushed her off and paid "no mind to what [Plaintiff] was saying." *Id.* at 47-48.

6

15. After the meeting with Molina, Perez, and Jimenez, Plaintiff was told to continue her normal work duties. *Id.* at 49.

16. On July 15, 2011, Plaintiff successfully completed her externship at Citywide; she satisfied the 180 hour requirement imposed by Sanford-Brown to obtain her medical assisting license. *Id.* at 52.

17. On July 18, 2011, Plaintiff was offered paid employment with Citywide. Simultaneous with the hiring of the Plaintiff, Defendants informed Plaintiff that the investigation into her claims of sexual harassment were investigated and determined to be unfounded. Additionally, Defendants required Plaintiff to sign an employment agreement which contained the following release: "…you will release [Citywide], all clinicians and/or staff of any possible or prosecutable allegations or charges, understanding that [Citywide] investigated prior allegations and they were unfounded…" N.T. 3/10/15 at 80, 103. Plaintiff signed the agreement after Molina promised that Peguero would be fired. N.T. 3/9/15 at 54.

18. Despite Molina's assurances, Peguero was not fired; his office was merely relocated. N.T. 3/10/15 at 78.

19. Shortly after Plaintiff was hired, she began receiving write-ups from Citywide.

20. Plaintiff was written-up for the first time on July 21, 2011, just three days after she was hired. N.T. 3/9/15 at 141.

21. Within two weeks of her employment, Plaintiff received a second write-up. *Id.*

22. On August 15, 2011, less than one month after she was hired, Plaintiff was terminated from Citywide. *Id.* According to the letter of termination, Plaintiff was terminated for the following reasons: noncompliance with time recording procedures, usage of the office phone for personal

7

calls, failure to notify a supervisor that Plaintiff would be late for work and improperly scheduling clients. N.T. 3/10/15 at 85.

23. On June 10, 2013, Plaintiff filed a Complaint. On July 23, 2013, Plaintiff filed an Amended Complaint, which contained the following four-counts: (1) premises liability against Citywide; (2) civil assault and battery against Peguero; (3) false imprisonment against Peguero; and (4) violations of the PHRA against Citywide, Peguero, Jimenez and Molina.

24. Trial in this matter commenced on March 9, 2015. At the conclusion of Plaintiff's case-in-chief, defense counsel moved for nonsuit. This Court entered a nonsuit as to Defendants Ana Jimenez and Modesta Molina.

25. Trial concluded on March 10, 2015. On March 16, 2015, this Court issued an Order which reads as follows:

> AND NOW, this 16[th] day of March, 201[5], after a non-jury trial in this matter on March 9, 2015 and March 10, 2015, and upon review of the proposed findings of fact and conclusions of law submitted by the parties, it is hereby ORDERED and DECREED that judgment is entered in favor of the Plaintiff NILSA LOPEZ and against Defendants CITYWIDE COMMUNITY COUNSELING SERVICES, INC. and MIGUEL PEGUERO in the amount of $50,000 jointly and severally.
>
> FURTHER, this Court finds that:
>
> Plaintiff NILSA LOPEZ was credible. Plaintiff's witness, LILLIAN SANTIAGO was credible. The Defendant's witnesses: SAMUEL FERNANDEZ, LISSETTE PEREZ and ANA JIM[E]NEZ were NOT credible.
>
> Damages are as follows: Defendants are jointly and severally liable for the sum of $10,000.00. Defendants are also jointly and severally liable for attorney's costs and fees in this matter for the sum of $40,000.00 resulting in a total award of $50,000[.00] to Plaintiff. Each Defendant's liability is 50%.

26. Defendants, Citywide, Jimenez, and Molina filed an appeal from the Court's Orders of March 16, 2015 and April 10, 2015; Defendants' Notice of Appeal was docketed on May 6, 2015 (1235 EDA 2015). On April 22, 2015, Plaintiff filed a Notice of Cross-Appeal from the Court's

8

Order of April 10, 2015; her Notice of Cross-Appeal was docketed on May 12, 2015 (1295 EDA 2015). The Superior Court subsequently quashed the Defendants' appeal, as well as the Plaintiff's cross-appeal as premature because Post-Trial motions were pending in the trial court. *(See* Superior Court Orders dated June 15, 2015 and June 17, 2015, attached hereto and marked as Exhibits "E" and "F", respectively).

28. Final judgment was entered on May 28, 2015.

29. Plaintiff filed an appeal from the "judgments entered in this matter on May 28, 2015 and April 9, 2015 (docketed on April 10, 2015)." *(See* Plaintiff's Notice of Appeal dated June 3, 2015, attached hereto and marked as Exhibit "G"). Plaintiff's appeal was docketed on June 26, 2015 (1843 EDA 2015).

29. Defendants, Citywide, Jimenez, and Molina subsequently filed a cross-appeal from the Court's Orders of March 16, 2015 and April 10, 2015. *(See* Defendants Notice of Cross-Appeal dated June 17, 2015, attached hereto and marked as Exhibit "H"). Defendants' cross-appeal was docketed on June 30, 2015 (1870 EDA 2015).

30. Defendants filed their Statement of Matters Complained of on Appeal on July 8, 2015. Plaintiff filed her Statement of Matters Complained of on Appeal on July 23, 2015.

## ISSUES

Defendants raised the following issues in their 1925(b) Statement of Matters Complained of on Appeal:

1. Whether the Court erred in omitting entry of judgment on the docket in favor of the Defendants Jimenez and Molina and against the Plaintiff when, at the close of the Plaintiff's case, and upon oral motion, nonsuit was entered as to these Defendants.

2. Whether the Court erred in omitting entry of judgment on the docket in favor of the Defendant Citywide on Count I (Premises Liability) of Plaintiff's Amended Complaint.

9

3. Whether the Court erred in apply the Pennsylvania Human Relations Act, 43 P.S. §951, *et. seq.* ("PHRA") to the Plaintiff, when she was not an employee, but rather a student-intern.

4. Whether the Court erred in omitting findings identifying the prohibited discriminatory act engaged in by Defendant Citywide.

5. Whether the Court erred in omitting findings identifying the damages resulting from Defendant Peguero's assault and/or battery as compared to those damages, if any, resulting from Defendant Citywide's prohibited discriminatory practice.

6. Whether the Court erred in awarding damages when the Plaintiff admitted violations of work rules and policies constituted valid and independent grounds for terminating an at-will employee.

7. Whether the Court erred in imposing joint and several liability when the causes of action against, and alleged misconduct of, Defendants Peguero and Citywide were separate and distinct.

8. Whether the Court erred in admitting parol evidence regarding a release contained in Plaintiff's probationary employment agreement.

9. Whether the Court erred in omitting findings regarding the affirmative defense of release and/or the unenforceability of the release contained in Plaintiff's probationary employment agreement.

10. Whether the Court erred in admitting into evidence discovery deposition transcripts in their entirety.

11. Whether the Court erred in admitting a summary of Plaintiff's costs, which were first disclosed at trial, and awarding non-itemized costs, without providing the Defendants an opportunity to file exceptions.

12. Whether the Court erred in admitting a summary of Plaintiff's attorney's hours, which were first disclosed at trial, and awarding non-itemized costs, without providing the Defendants an opportunity to file exceptions.

13. Whether the Court erred in awarding attorney fees pursuant to 43 P.S. §962(c.2) without finding reasonableness and/or charges which were excessive, unnecessary, or related to Plaintiff's multiple unsuccessful claims.

Plaintiff raised the following issues in her 1925(b) Statement of Matters Complained of on Appeal:

1. This Court erred by entering Judgment NOV against the Defendant Jimenez and Defendant Molina because the judgment was contrary to law.

10

2. This Court erred by entering Judgment NOV against the Defendant Jimenez and Defendant Molina because the judgment was against the weight of the evidence.

3. This Court erred by entering Judgment NOV against the Defendant Jimenez and Defendant Molina because the evidence established as a matter of law that Plaintiff did not release claims against any of the Defendants by accepting Defendant Citywide's employment offer and signing the probationary employment agreement.

4. This Court erred by entering Judgment NOV against the Defendant Jimenez and Defendant Molina because the evidence established as a matter of law that the "release" signed by Plaintiff is invalid because there was disparate bargaining power between the parties.

5. This Court erred by entering Judgment NOV against the Defendant Jimenez and Defendant Molina because the evidence established as a matter of law that the "release" signed by Plaintiff is void as against public policy and unenforceable.

6. This Court erred by entering Judgment NOV against the Defendant Jimenez and Defendant Molina because the evidence established as a matter of law that Plaintiff did not receive consideration for signing the "release."

7. This Court erred by entering Judgment NOV against the Defendant Jimenez and Defendant Molina because the evidence established as a matter of law that they knew of Defendant Miguel Peguero's propensity for offensive and unwanted touching and had a duty to warn Plaintiff.

8. This Court erred by entering Judgment NOV against the Defendant Jimenez and Defendant Molina because the evidence establishing [sic] that they aided, abetted, incited, compelled, or coerced Defendant Miguel Peguero to touch Plaintiff – conduct which is actionable under the PHRA, 43 P.S. §951, *et seq.*, thereby causing Plaintiff's injuries, is of such weight that reasonable minds could not differ as to their liability.

9. This Court erred by entering Judgment NOV against the Defendant Jimenez and Defendant Molina because the evidence established as a matter of law that the PHRA applies to the facts of this case.

10. This Court erred by entering Judgment NOV against the Defendant Jimenez and Defendant Molina because the evidence established as a matter of law that Plaintiff was an "employee," as defined in the PHRA, at the time of the sexual harassment.

11. This Court erred by entering Judgment NOV against the Defendant Jimenez and Defendant Molina because the evidence established as a matter of law that they took insufficient action to investigate and remedy the conduct of Defendant Miguel Peguero after he sexually harassed the Plaintiff.

12. This Court erred by entering Judgment NOV against the Defendant Jimenez and Defendant Molina because the evidence established as a matter of law that, soon after Plaintiff's employment status was changed to full-time, Defendants

11

terminated Plaintiff's employment for having made the complaints asserting that Defendant Miguel Peguero sexually harassed her.

## DISCUSSION:

### DEFENDANTS' STATEMENT OF MATTERS COMPLAINED OF ON APPEAL:

#### 1-2. This Court did not err in omitting entry of judgment on the docket in favor of Defendants Jimenez, Molina and Citywide

On appeal, Defendants argue that this Court erred in omitting entry of judgment on the docket in favor of Jimenez and Molina against the Plaintiff when, at the close of the Plaintiff's case, and upon the oral motion, nonsuit was entered as to these Defendants. Defendants also argue that this Court erred in omitting entry on the docket in favor of Defendant Citywide on Count I (Premises Liability) of Plaintiff's Amended Complaint. This Court's Order and docket entry of March 16, 2015 were proper; thus, Defendants' arguments should be dismissed.

According to Pennsylvania Rule of Civil Procedure 230.1, at the conclusion of Plaintiff's case, the trial court, on the oral motion of a party, may enter a nonsuit when the evidence presented by the Plaintiff compel the conclusion that the Defendant is not liable upon the cause or causes of action brought by the Plaintiff. *Parker v. Freilich*, 803 A.2d 738, 744-45 (Pa.Super. 2002); Pa.R.C.P. 230.1. According to Rule 1038(c), at the conclusion of the evidence in a non-jury trial, the judge may render its decision orally in open court or in a writing filed within seven (7) days after trial. Pa.R.C.P. 1038(c). The trial judge's decision "may consist only of general findings as to all parties but shall dispose of all claims for relief." Pa.R.C.P. 1038(b).

Here, Plaintiff's Amended Complaint contained one-count against Defendants Jimenez and Molina for violations of the PHRA. At trial, at the conclusion of Plaintiff's case-in-chief, Mr. Hollar orally moved for the entry of nonsuit as to Plaintiff's PHRA claims against Jimenez and Molina; this Court granted a nonsuit and dismissed Jimenez and Molina from the case. N.T. 3/9/15

12

at 215. This Court concluded that there was absolutely no evidence presented by Plaintiff to show that said Defendants Jimenez and Molina were liable for any misconduct. Therefore, nonsuit was proper.

On March 16, 2015, this Court rendered its final decision in a timely, written Order. The Order and docket entry reflect this Court's dismissal of Jimenez and Molina; both writings expressly state that judgment was entered against Defendants Citywide and Peguero only. This Court was not required to enter judgment on the docket *in favor* of Jimenez and Molina. This Court was only required to render a timely decision disposing of all claims for relief, which it did. As such, Defendants' claim should be dismissed.

Similarly, it was not error for this Court to omit entry of judgment on the docket in favor of Citywide. This Court found Citywide liable to the Plaintiff. The March 16, 2015 Order clearly states that "judgment is entered **in favor** of the Plaintiff NILSA LOPEZ and **against** Defendants CITYWIDE COMMUNITY COUNSELING SERVICES, INC. and MIGUEL PEGUERO in the amount of $50,000 jointly and severally." (*See* Court's Order dated March 16, 2015, attached hereto and marked as Exhibit "A")(emphasis added). The Order accurately reflects this Court's finding of liability on the part of Citywide. Based on the foregoing, Defendants' claims should be dismissed.

### 3. This Court did not err in applying the Pennsylvania Human Relations Act

On appeal, Defendants claim that this Court erred in applying the PHRA to the Plaintiff because the Plaintiff was a student-intern at the time of the incident involving Peguero, not an employee. This Court did not err as the Plaintiff was entitled to PHRA protections. Thus, Defendants' claim should be dismissed.

13

The provisions of the PHRA are to be construed liberally. 43 P.S. s 962(a). Under the PHRA, a principal is liable for the acts of its agent. A Defendant may be liable for aiding and abetting under the PHRA either as a result of his or her own discriminatory conduct or for refusing to take prompt and remedial action against any discrimination suffered by an employee. 1 Summ. Pa. Jur. 2d Torts § 12:19 (2d ed.). Although the PHRA does not specifically define an "employee", it clarifies that the term does not include "(1) any individual employed in agriculture or in the domestic service of any person, (2) any individuals who, as part of their employment, reside in the personal residence of the employer, [and] (3) any individual employed by said individual's parents, spouse or child." 43. P.S. § 954(c).

The PHRA is silent with regard to unpaid interns and externs. To determine whether a person is an employee for purposes of the PHRA, Pennsylvania courts have looked to federal court decisions interpreting Title VII of the Civil Rights Act of 1964. *Campanaro v. Pennsylvania Elec. Co.*, 440 Pa.Super. 519, 656 A.2d 491 (1995). Under Title VII, the common law of agency and the traditional master-servant doctrine applies. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322–24, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992). While no single factor is dispositive, the Court should consider:

> [T]he hiring party's right to control the manner and means by which the product is accomplished, the skill required, the source of the instrumentalities and tools, the location of the work, the duration of the relationship between the parties, whether the hiring party has the right to assign additional projects to the hired party, the extent of the hired party's discretion over when and how long to work, the method of payment, the hired party's role in hiring and paying assistants, whether the work is part of the regular business of the hiring party, whether the hiring party is in business, the provision of employee benefits, and the tax treatment of the hired party.

*Id.* at 323–24, 112 S.Ct. 1344. *Prather v. Prudential Fox & Roach*, 326 F. App'x 670, 672 (3d Cir. 2009). Here, an employer-employee relationship existed between Citywide and the Plaintiff,

14

eviuenced by the following: (1) Citywide hired the Plaintiff for the externship position and had the authority to terminate the Plaintiff; (2) Citywide controlled the manner, means, and location of Plaintiff's work. Citywide initially directed Plaintiff to work in the billing office and subsequently moved Plaintiff to work at the front desk; (3) Plaintiff performed the same work as an extern as she did as a paid employee; and (4) Plaintiff informed her supervisors at Citywide about Peguero touching and kissing her against her will. N.T. 3/9/15 at 29-30, 47, 59-60. At the time of the incident, Citywide had already decided to hire Plaintiff; thus, the duration of her employment was indefinite. N.T. 3/10/15 at 67. Even though Plaintiff was not paid by Citywide during her externship, payment of wages is not a determinative factor. *Harmony Volunteer Fire Co. & Relief Ass'n v. Com., PA. Human Relations Comm'n*, 73 Pa. Cmwlth. 596, 601-02, 459 A.2d 439, 442 (1983).

The PHRA protects applicants who are refused hire under certain circumstances. Here, Plaintiff was more than an applicant; she was an extern who was eventually hired by Citywide. Plaintiff was entitled to PHRA protections; thus, Defendants' claim should be dismissed.

### 4-5. This Court did not err in omitting specific findings in the Order

On appeal, Defendants argue that this Court erred in omitting findings identifying the prohibited discriminatory act engaged in by Defendant Citywide. Defendants also argue that the Court erred in omitting findings identifying the damages of Peguero's assault and/or battery as compared to those damages from Defendant Citywide. Defendants' claims should be dismissed as this Court was not required to include any such findings in its decision.

According to Pennsylvania Rule of Civil Procedure 1038, "the decision of the trial judge *may* consist only of general findings as to all parties but *shall* dispose of all claims for relief. The

15

tria. judge *may* include as part of the decision specific findings of fact and conclusions of law with appropriate discussion." Pa.R.C.P. 1038(b)(emphasis added).

Here, on March 16, 2015, after a two-day, non-jury trial, this Court issued an Order disposing of all claims for relief. The Order expressly stated that "judgment is entered in favor of the Plaintiff NILSA LOPEZ and against Defendants CITYWIDE COMMUNITY COUNSELING SERVICES, INC. and MIGUEL PEGUERO in the amount of $50,000 jointly and severally." The Order also consisted of general findings regarding the credibility of witnesses who testified at trial. This Court was not obligated to include specific findings of fact and conclusions of law in the Order; this Court was only required to render a final decision, which it did. As such, Defendants' claims should be dismissed.

### 6. This Court did not err in awarding damages to the Plaintiff

On appeal, Defendants argue that this Court erred in awarding damages when Plaintiff's admitted violations of work rules and policies constituted valid and independent grounds for terminating an at-will employee. Defendants' claim is meritless and should be dismissed. At trial, Plaintiff presented sufficient evidence to establish a retaliation claim under the PHRA. Thus, damages were appropriate.

An employee asserting a retaliation claim under the PHRA bears the initial burden of establishing a prima facie case of retaliation.[2] *Harley v. McCoach*, 928 F. Supp. 533, 541 (E.D. Pa. 1996). Once a prima facie case has been established, the "burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the employment action. The burden then

---

[2] "[T]the Plaintiff must show that (1) she engaged in a protected activity; (2) the employer took an adverse employment action against her subsequent to or contemporaneous with such activity; and (3) there is a causal link between the protected activity and the adverse employment action." *Harley v. McCoach*, 928 F. Supp. 533, 541 (E.D. Pa. 1996).

16

shifts back to the employee to show by a preponderance of the evidence that the reasons offered by the employer are unworthy of credence and a pretext for discrimination." *Id.*[3]

If a court finds that the employer has engaged in an unlawful discriminatory practice, the court may award lost wages or "any other legal or equitable relief as the court deems appropriate." 43 P.S. § 962(c). Courts in this Commonwealth have ruled that both compensatory and punitive damages are available under the PHRA. *Pennsylvania Human Relations Commission v. Zamantakis*, 478 Pa. 454, 387 A.2d 70 (1978).

Here, at the conclusion of trial, this Court found that Plaintiff met her burdens under the PHRA and awarded Plaintiff damages. On appeal, Defendants argue it was error to award damages because Plaintiff's admitted violations of work rules and policies constituted valid and independent grounds for terminating Plaintiff. Defendants are mistaken. The only admission made by Plaintiff was that she arrived forty-five minutes late to work on August 8, 2011. N.T. 3/9/15 at 140-141. Plaintiff testified that she "called in" and "told them [she] was going to be late and she said it was okay." *Id.* Even if this Court found that Plaintiff's tardiness on August 8, 2011 was a legitimate, non-discriminatory reason for Plaintiff's termination, Plaintiff met her burden of showing that Defendants' stated reasons for discharging her were pretext.

Plaintiff demonstrated that the real reason for the employment action was retaliation for Plaintiff making a complaint against Peguero. Plaintiff was never disciplined during her tenure as an extern; she had no history of employment sanctions, warnings, or write-ups. N.T. 3/10/2015 at 92. The incident with Peguero occurred on July 13, 2011. Plaintiff informed Molina, Jimenez, and Perez about the incident the following day. On July 18, 2011, Citywide offered Plaintiff employment and required her to sign an agreement; the agreement provided that Plaintiff would

---

[3] *See Kroptavich v. Pennsylvania Power & Light Co.*, 2002 PA Super 87, ¶ 22, 795 A.2d 1048, 1055 (2002).

releuse Citywide and its employees of "any possible or prosecutable allegations or charges." N.T. 3/9/15 at 54. Plaintiff signed the agreement after Molina told her Peguero would be fired. *Id.* Despite Molina's assurances, Peguero was not fired; his office was merely relocated. N.T. 3/10/15 at 78. On July 21, 2011, just three days after Plaintiff was hired, Plaintiff was written-up for the first time. Within two weeks of her employment, Plaintiff received a second write-up. On August 15, 2011, less than one month after she was hired, Plaintiff was terminated. N.T. 3/9/15 at 141.

The rapid succession of write-ups cast substantial doubt on Defendants' proffered reasons for terminating Plaintiff. At the conclusion of the evidence presented at trial, this Court found that Defendants' reasons for discharging the Plaintiff were not its true reasons, but were pretext for retaliation. This Court awarded Plaintiff damages in the amount of $10,000.00 as permitted under the PHRA. Based on the foregoing, Defendants' claim should be dismissed.

### 7. This Court did not err in imposing joint and several liability

On appeal, Defendants argue that this Court erred in imposing joint and several liability when the causes of action against, and alleged misconduct of, Defendants Peguero and Citywide were separate and distinct. Defendants' claim should be dismissed as this Court properly imposed joint and several liability among Peguero and Citywide.

Joint and several liability requires an indivisible injury for which two or more parties are partially responsible. *Carrozza v. Greenbaum*, 591 Pa. 196, 216, 916 A.2d 553, 566 (2007). To be a joint tortfeasor, "the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury." *Neal v. Bavarian Motors, Inc.,* 2005 PA Super 305, ¶ 4, 882 A.2d 1022, 1028 (2005). "It is the indivisibility of the injury, rather than of culpability, that triggers joint liability." *Id.*

18

The Superior Court of Pennsylvania addressed the issue of joint and several liability in *Neal v. Bavarian Motors, Inc.*, 882 A.2d 1022 (Pa.Super.Ct.2005). In *Neal*, Bavarian Motors sold a vehicle to the Plaintiff that it either knew or should have known was stolen. The car was financed through Mercury Finance Company LLC., a third party lender. The Superior Court found that "[r]egardless of whether Mercury's actions were less culpable than that of Bavarian Motors, the inexcusable failure of Mercury to comply with required procedures in financing a vehicle contributed to the harm suffered by the plaintiff." As such, the Superior Court found it was proper for the trial court to impose joint and several liability.

Similarly, here, it was proper for this Court to hold Peguero and Citywide jointly and severally liable. [4] The evidence established that Citywide had knowledge of Peguero's offensive and harmful conduct. Plaintiff met with Jimenez, Molina and Perez the day after the incident and informed them about Peguero touching and kissing her against her will. Despite having knowledge of the incident, Defendants failed to remedy the situation. Molina promised the Plaintiff that Peguero would be fired from Citywide; however, he was never fired. Instead, Defendants began disciplining the Plaintiff and eventually terminated her employment less than one month after she was hired.

Not only was Citywide aware of Peguero's assault and battery with regard to the Plaintiff, Citywide also had knowledge of Peguero's prior attack on another employee. At trial, the following testimony was elicited during redirect examination of Ms. Santiago:

> **MR. DELGAIZO**: Was it Dr. Peguero who was involved with this alleged sexual conduct with this therapist Sara?
> **MS. SANTIAGO**: Yes.
> **MR. DELGAIZO**: And Sara, to your recollection, she complained to Citywide?

---

[4] Joint and several liability is limited to claims associated with intentional misrepresentation, intentional torts, hazardous waste claims, dramshop actions, and parties with liability equal or greater than 60 percent. Here, Peguero and Citywide committed intentional torts; thus, joint and several liability was appropriate. 42 Pa. C.S.A. §7102(a.1)(3).

19

**MS. SANTIAGO**: Yes.

N.T. 3/9/15 at 181. Even if Citywide's actions were arguably less culpable than that of Peguero, the inexcusable failure of Citywide to remedy the situation contributed to the harm suffered by the Plaintiff. Based on the foregoing, Defendants' argument should be dismissed.

## 8-9. This Court did not err in admitting parol evidence at trial or in omitting findings regarding the release in the Order

On appeal, Defendants argue that this Court erred in admitting parol evidence regarding the release contained in Plaintiff's probationary employment agreement, and in omitting findings regarding the affirmative defense of release and/or the unenforceability of the release. Defendants' arguments are meritless and should be dismissed.

The parol evidence rule seeks to preserve the integrity of written agreements. *Lenzi v. Hahnemann University*, 445 Pa.Super. 187, 195, 664 A.2d 1375, 1379 (1995). According to the Supreme Court of Pennsylvania, "[o]nce a writing is determined to be the parties' entire contract, the parol evidence rule applies and evidence of any previous oral or written negotiations or agreements involving the same subject matter as the contract is almost always inadmissible to explain or vary the terms of the contract." *Yocca v. Pittsburgh Steelers Sports, Inc.,* 578 Pa. 479, 854 A.2d 425, 436–37 (2004).

Here, on July 18, 2011, Plaintiff signed an employment agreement which contained the following release: "…you will release [Citywide], all clinicians and/or staff of any possible or prosecutable allegations or charges, understanding that [Citywide] investigated prior allegations and they were unfounded…" The validity of this release was contested at trial. In order to exclude parol evidence, it must first be established that the writing is a complete contract, importing full

legal obligation. *Rosenfeld v. Rosenfeld*, 390 Pa. 39, 49, 133 A.2d 829, 834 (1957). Because the validity of the release had not been established, the parol evidence rule was inapplicable here.

Further, even if the validity of the release was not in dispute, the evidence admitted by this Court was nonetheless admissible as it did not vary, modify or supersede the written agreement. *Nicolella v. Palmer,* 432 Pa. 502, 507, 248 A.2d 20, 23 (1968). The following testimony was elicited during direct examination of the Plaintiff at trial:

> **MR. DELGAIZO:** Did anyone explain to you what this language was that, what this said, that you "release CCS, Inc., all clinicians and/or any staff of any possible or prosecutable allegations or charges, understanding that we investigated prior allegations and they were unfounded?"
> **MR. HOLLAR:** Objection, Your Honor. It calls for parol [sic] evidence. Obviously this is being offered to contradict the terms of a written agreement.
> **MR. DELGAIZO:** Your Honor, this is not a contract. It's been soundly struck down in preliminary objections and motions for summary judgment.
> **THE COURT:** Why don't you take a look at it and let her read?
> **COURT OFFICER:** Showing the witness P-11.
> **THE COURT:** You can ask her a question based on that.
> **PLAINTIFF**: I do remember seeing this.
> ...
>
> **MR. DELGAIZO:** And did anyone explain what "prosecutable allegations" meant?
> **MR. HOLLAR:** Objection, Your Honor. The documents speaks for itself. This is eliciting parole evidence once again.
> **MR. DELGAIZO:** Your Honor, parol [sic] evidence I submit does not apply.
> **THE COURT:** The objection is overruled. I mean she testified as to this, that she had read the document.

N.T. 3/9/15 at 54-56. The questions posed by Mr. DelGaizo pertained to Plaintiff's understanding of the employment agreement; neither question sought to vary or "contradict the terms of the written agreement" as alleged by Mr. Hollar. *Id.* As such, Defendants' claim that this Court erred in admitting parol evidence should be dismissed.

Finally, Defendants' claim that this Court erred in omitting findings regarding the affirmative defense of release and/or the unenforceability of the release should be dismissed. As

21

previously discussed, this Court was not obligated to include specific findings of fact and conclusions of law in its Order. Pa.R.C.P. 1038. This Court clearly found the release invalid and unenforceable as it entered judgment against Peguero and Citywide; had this Court found otherwise, Peguero and Citywide would have been immune from and relieved of any liability pursuant to the terms of the release. (*See* Court's Order dated March 16, 2015, attached hereto and marked as Exhibit "A"). Based on the foregoing, Defendants' claim should be dismissed.

### 10. This Court did not err in admitting deposition transcripts in their entirety

On appeal, Defendants argue this Court erred in admitting into evidence deposition transcripts in their entirety. Although not specifically stated, this Court surmises that Defendants' Statement pertains to this Court's decision to admit the entire deposition transcript of Defendant Peguero into evidence. Not only have Defendants waived their right to appeal this issue for failing to comply with the specificity requirements pursuant to Pa.R.A.P. 1925(b), Defendants' claim fails because it was proper for this Court to admit Peguero's entire deposition into evidence. As such, Defendants' claim should be dismissed.

Pennsylvania Rule of Civil Procedure 4020 provides, in relevant part:

(a) At the trial, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had notice thereof if required, in accordance with any one of the following provisions:

&ast; &ast; &ast; &ast; &ast;

(2) The deposition of a party … may be used by an adverse party for any purpose.

Pa.R.C.P. 4020(a)(2). The Superior Court has held that "the test for admissibility of a deposition under Rule 4020(a)(2) is the same as that for the admissibility of like testimony offered by a witness on the stand in open court." *Jistarri v. Nappi*, 549 A.2d 210, 217 (Pa.Super.1988);

22

*Pascone v. Thomas Jefferson University*, 516 A.2d 384 (Pa.Super.1986). For example, deposition testimony that constitutes hearsay is excludable at trial in the same way as hearsay testimony of a live witness. 9A Goodrich Amram 2d § 4020(a):1.

Here, it was proper for this Court to admit the entire deposition of Defendant Peguero. Peguero was represented at the taking of his deposition and testified about his own conduct at the time of the incident. At trial, Defense counsel offered into evidence relevant portions of Peguero's deposition. N.T. 3/10/15 at 3-5. Counsel for the Plaintiff subsequently sought to admit the entire deposition of Defendant Peguero, who failed to attend trial despite being a party to this case. *Id.* at 117. This Court allowed Plaintiff to admit Peguero's deposition in its entirety because the same testimony Peguero gave in his deposition would have been admissible if elicited at trial. Moreover, Defendant Peguero failed to show up at trial without excuse.

This Court's decision was proper under Rule 4020. A deposition is admissible for any purpose so long as the substance of that testimony is admissible under the Pennsylvania Rules of Evidence. Pa.R.C.P. 4020. Based on the foregoing, this Court did not err in admitting the entire deposition of Peguero; thus, Defendants' claim should be dismissed. [5]

---

[5] *See* Pa.R.C.P. 4020(a)(4), which states: "If only part of a deposition is offered in evidence by a party, any other party may require the offering party to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts."

## 11-12. This Court did not err in admitting a summary of Plaintiff's costs/attorney's hours at trial or in awarding costs

On appeal, Defendants argue that the Court erred in admitting a summary of Plaintiff's costs and attorney's hours and awarding non-itemized costs and attorney fees without providing Defendants an opportunity to file exceptions. Defendants' claim fails for two reasons.

First, Defendants failed to raise a timely objection to the admission of Plaintiff's attorney's fees ledger at trial. Pa.R.E. 103(a)(1) requires a timely objection to the admission of evidence in order to preserve the issue for appeal. *See* also Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Here, at trial, counsel for Defendants stated the following: "…we're not stipulating...that she should be awarded or that they're reasonable or appropriate. But if it's being offered to demonstrate that this is the time they spent, I have no objection to its admission at this time…" N.T. 3/9/15 at 205; N.T. 3/10/15 at 121-122. (*See* Plaintiff's Attorney's Fees and Plaintiff's Costs of Litigation, attached hereto and marked as Exhibits "I" and "J", respectively). Thus, pursuant to Rule 103, Defendants' claim is waived.

Second, Defendants' claim that they were not afforded an opportunity to file exceptions is meritless. According to Rule 1038, the trial judge shall render a decision within seven days after the conclusion of a nonjury trial except in protracted cases or cases of extraordinary complexity. Pa.R.C.P. 1038. As the Official Note to this Rule indicates, "a decision is not a final decree, also known as a judgment." According to Philadelphia Local Rule 227.5, "[a] judgment becomes final when the applicable appeal period has expired without appeal." PA R PHILADELPHIA CTY RCP Rule 227.5. Once a final judgment has been rendered, exceptions (identifying those costs to which objection is made with the reason therefor) shall be filed. Exceptions must be filed with the

24

Office of Judicial Records and a copy served on other parties within twenty days after final judgment. *Id.* Failure to file exceptions shall be deemed a waiver of all objections. *Id.*

Here, this Court rendered its decision on March 16, 2015, six days after the conclusion of trial. The Plaintiff, as well as the Defendants, Citywide, Molina, and Jimenez subsequently appealed to the Superior Court. Thus, pursuant to Local Rule 227.5, judgment is not final. To reiterate, a judgment becomes final when the applicable appeal period has expired *without* appeal. As such, Defendants' claim should be dismissed.

### 13. This Court did not err in awarding attorney fees

On appeal, Defendants argue that the Court erred in awarding attorney fees pursuant to 43 P.S. §962(c.2) without findings regarding reasonableness and/or charges which were excessive, unnecessary, or related to Plaintiff's multiple unsuccessful claims. Defendants' argument fails for several reasons.

First, as discussed above, Defendants did not raise any objection to the admission of Plaintiff's attorney's fees ledger at trial. Thus, Defendants' claim is waived.

Second, as previously discussed, this Court was not required to include specific findings of fact or conclusions of law in its Order. The trial judge's decision "may consist only of general findings as to all parties..." Pa.R.C.P. 1038(b). Thus, it was not error for this Court to award attorney fees without findings regarding the reasonableness of those fees.

Third, this Court's award was proper. According to 43 P.S. §962(c.2), if the court finds that a Defendant engaged in any unlawful discriminatory practice as defined in the PHRA, it may award attorney fees and costs to the prevailing Plaintiff.[6] An award of attorneys' fees and costs

---

[6] A Plaintiff is considered a prevailing party for attorney's fees purposes if she succeeds "on any significant issue in litigation which achieves some of the benefits the parties sought in bringing the suit." *Watcher v. Pottsville Area Emergency Med. Serv., Inc.*, 559 F. Supp. 2d 516, 521 (M.D. Pa. 2008).

un̲ ̲ the PHRA is within the sound discretion of the trial court. *Hoy v. Angelone,* 554 Pa. 1̲ ,

148, 720 A.2d 745, 752 (1998). An appropriate fee is "calculated by multiplying the number of

hours reasonably expended on litigation times a reasonable hourly rate." *Blum v. Stenson,* 465 U.S.

886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). A court may also consider the complexity of

the case. *Jordan v. CCH, Inc.,* 230 F. Supp. 2d 603, 606 (E.D. Pa. 2002).

Here, Plaintiff was represented by Thomas Holland and Christopher DelGaizo. Mr.

Holland graduated from law school in 1985; he expended 42 hours on this case at an hourly rate

of $375.00. Mr. DelGazio graduated from law school in 2005; he expended 90 hours on this case

at an hourly rate of $250.00. The combined sum of Mr. Holland and Mr. DelGaizo's fees totaled

$38,250.00, plus costs in the amount of $2,982.96. (*See* Plaintiff's Attorney's Fees and Plaintiff's

Costs of Litigation, attached hereto and marked as Exhibits "I" and "J", respectively). Upon

consideration of each attorney's experience, the hours spent preparing for trial, the complexity of

the case, and the reasonableness of their hourly rates, this Court awarded attorney's fees and costs

in the amount of $40,000.00. (*See* Court's Order dated March 16, 2015, attached hereto and

marked as Exhibit "A").

This Court's award was proper. In their Statement, Defendants make reference to

"Plaintiff's multiple unsuccessful claims." It is surmised that Defendants included this language

to suggest that the Court erred in failing to consider the expenses incurred by Defendants. Such

an argument would fail. The Supreme Court of Pennsylvania has held that "in determining an

award of attorney's fees and costs for a prevailing plaintiff, consideration of the financial resources

expended by a [D]efendant in addressing a victim's complaint of discrimination is improper. *Hoy,* 720 A.2d at 753.[7] Based on the foregoing, Defendants' claim should be dismissed.

## PLAINTIFF'S STATEMENT OF MATTERS COMPLAINED OF ON APPEAL:

### 1-2. This Court's entry of nonsuit was neither contrary to law nor against the weight of the evidence

On appeal, Plaintiff argues that this Court erred in entering judgment notwithstanding the verdict ("JNOV") against Jimenez and Molina because the judgment was contrary to law and was against the weight of the evidence. Plaintiff's claim is meritless and should be dismissed.

The standard of review of a trial court's order granting or denying judgment notwithstanding the verdict is well-settled:

> "We must view the evidence in the light most favorable to the verdict winner and give him or her the benefit of every reasonable inference arising therefrom while rejecting all unfavorable testimony and inferences. Furthermore, judgment nov should be entered only in a clear case, where the evidence is such that no reasonable minds could disagree that the moving party is entitled to relief. Review of the denial of judgment nov has two parts, one factual and one legal: Concerning any questions of law, our scope of review is plenary. Concerning questions of credibility and weight accorded evidence at trial, we will not substitute our judgment for that of the finder of fact."

*Underwood ex rel. Underwood v. Wind,* 2008 PA Super 158, ¶ 17, 954 A.2d 1199, 1206 (2008).[8] The decision of a trial court will be overturned "only if it has abused its discretion. An abuse of discretion exists when the trial court's judgment is "manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will."[9] *Harman ex rel. Harman v. Borah,* 562 Pa. 455, 469, 756 A.2d 1116, 1123 (2000).

---

[7] *See also Watcher v. Pottsville Area Emergency Med. Serv., Inc.,* 559 F. Supp. 2d 516, 521 (M.D. Pa. 2008) (holding that because Defendants have failed to suggest alternate rates or produce evidence of what less experienced attorneys charge, the issue regarding hourly rates could not be reviewed on appeal).

[8] *See also Van Zandt v. Holy Redeemer Hosp.,* 2002 PA Super 254, ¶ 21, 806 A.2d 879, 885 (2002).

[9] JNOV should only be entered in clear cases where "no reasonable minds could disagree that the moving party is entitled to relief." *Ne. Fence & Iron Works, Inc. v. Murphy Quigley Co.,* 2007 PA Super 287, ¶ 12, 933 A.2d 664, 668 (2007).

Further, "in evaluating a claim that a verdict is against the weight of the eviden. , Pennsylvania courts employ a shocks-the-conscience litmus." *Com., Dep't of Gen. Servs. v. U.S. Mineral Products Co.,* 598 Pa. 331, 956 A.2d 967 (2008). Relief is proper only if the Superior Court finds that the "the trial court acted capriciously or palpably abused its discretion." *Hatwood v. Hosp. of the Univ. of Pennsylvania,* 2012 PA Super 217, 55 A.3d 1229, 1238 (2012).

Here, this Court's entry of nonsuit was neither contrary to law nor against the weight of the evidence. As previously discussed, only employers can be liable for discrimination or retaliation claims under the PHRA. *See* 43 P.S. § 955(d). An individual supervisory employee, however, may be liable under an aiding and abetting or accomplice liability theory for his own direct acts of discrimination or for his failure to take action to prevent further discrimination by an employee under supervision. 43 P.S. § 955(e).

At the conclusion of Plaintiff's case-in-chief, this Court dismissed Plaintiff's PHRA claims against Jimenez and Molina because they were not employers and were not personally liable as employees of Citywide because they did not aid, abet, incite, compel, or coerce Peguero's discriminatory conduct. Moreover, Plaintiff failed to present any evidence to show that Defendants Jimenez and Molina were liable for any misconduct. Thus, Jimenez and Molina were not subject to liability under the PHRA. This Court's entry of nonsuit was proper; thus, it was not error to enter JNOV against Jimenez and Molina.

### 3-6. The evidence established that the release was invalid

On appeal, Plaintiff argues that this Court erred in entering JNOV against Jimenez and Molina because the evidence established as a matter of law that (1) Plaintiff did not release claims against any of the Defendants by accepting Citywide's employment offer and signing the probationary employment agreement; (2) the release signed by Plaintiff is invalid because there

was disparate bargaining power between the parties; (3) the release signed by Plaintiff is void and against public policy and unenforceable; and (4) the Plaintiff did not receive consideration for signing the release.

Plaintiff's claims should be dismissed as moot. As previously discussed, this Court found the release invalid and unenforceable and entered judgment against Peguero and Citywide. This Court's findings regarding the release had no bearing on this Court's entry of nonsuit in favor of Jimenez and Molina. This Court dismissed Jimenez and Molina because the Court found these Defendants not liable to the Plaintiff under the PHRA. Thus, it was proper to enter JNOV against Jimenez and Molina.

### 7. Jimenez and Molina had no duty to protect the Plaintiff

On appeal, Plaintiff argues that this Court erred in entering JNOV against Jimenez and Molina because the evidence established as a matter of law that they knew of Peguero's propensity for offensive and unwanted touching and had a duty to warn Plaintiff.

Plaintiff is essentially arguing it was error for this Court to find Jimenez and Molina not liable to the Plaintiff under a theory of premises liability. Such a claim is meritless. Plaintiff never asserted a premises liability claim against Jimenez and Molina. Plaintiff's only claim against Jimenez and Molina was for violations of the PHRA. Thus, Plaintiff cannot argue it was error for this Court to find Jimenez and Peguero not liable to the Plaintiff under a theory of premises liability when no such claim was ever asserted against these Defendants.

### 8-12. This Court's entry of nonsuit as to Jimenez and Molina was proper

On appeal, Plaintiff argues that this Court erred in entering JNOV against Jimenez and Molina because the evidence established that (1) they aided, abetted, incited, compelled, or coerced

29

Peguero to touch Plaintiff; (2) the PHRA applies to the facts of this case; (3) the Plaintiff was an "employee" as defined by the PHRA at the time of the sexual assault; (4) they took insufficient action to investigate and remedy the conduct of Defendant Peguero after he sexually harassed Plaintiff; and (5) soon after Plaintiff's employment status was changed to full-time, Defendants terminated Plaintiff's employment for having made the complaints asserting that Peguero sexually harassed her.

As previously discussed, this Court did not impose liability against Defendants Jimenez and Molina because they were not employers within the meaning of the PHRA and the evidence did not demonstrate that they aided, abetted, incited, compelled or coerced Peguero's discriminatory conduct. Thus, this Court's entry of nonsuit as to these Defendants was proper.

## CONCLUSION

For all the foregoing reasons, this Court respectfully requests that its judgment be affirmed in its entirety.

BY THE COURT:

PAULA PATRICK, J.

30